```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| JAMES P. SCANLAN on his own behalf and all others similarly situated | : : : : | CIVIL ACTION |
| v. | : : | |
| AMERICAN AIRLINES GROUP, INC., et al. | : : | NO. 18-4040 |

<u>MEMORANDUM</u>

Bartle, J.                                              April 2, 2019

Plaintiff James P. Scanlan has brought this putative class action against American Airlines Group, Inc. and its wholly owned subsidiary, American Airlines, Inc. under the Uniform Services Employment and Reemployment Rights Act ("USERRA") 38 U.S.C. §§ 4301 et seq. Scanlan is an American Airlines pilot and a Major General in the United States Air Force Reserve. He claims that he and others similarly situated have not received what is due under the American Airlines Group One Global Profit Sharing Plan.

Defendants have now filed a motion to transfer venue of this action to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). This statute provides in relevant part

> For the convenience of parties and witnesses, in
> the interest of justice, a district court may

> transfer any civil action to any other district
> or division where it might have been brought or
> to any district or division to which all parties
> have consented.

28 U.S.C. § 1404(a).

> The USERRA has its own venue provision which reads
> In the case of an action against a private
> employer, the action may proceed in the United
> States district court for any district in which
> the private employer of the person maintains a
> place of business.

38 U.S.C. § 4323(c).

The parties have submitted declarations relevant to the venue issues, and the court has permitted limited discovery. Scanlan is a resident of Doylestown, which is located in the Eastern District of Pennsylvania. He generally flies as a pilot for American Airlines based out of LaGuardia Airport in New York. Both defendants are Delaware Corporations with their headquarters in Fort Worth, which is in the Northern District of Texas. Philadelphia, where this court sits, is one of defendants' ten "hubs." American Airlines, as the country's largest domestic airline with over 100,000 employees, has over 7,474 employees in this city and has between 7 and 9 daily non-stop flights each way between Philadelphia and Forth Worth, Texas. The Global Profit Sharing Plan in issue is administered in Fort Worth.

I

We begin with the undisputed fact that venue under USERRA's special venue provision is proper in both the Eastern District of Pennsylvania and the Northern District of Texas. Defendants maintain places of business in both Philadelphia and Forth Worth.

Once the court determines that venue is proper, it must determine whether "on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). "The burden of establishing the need for transfer . . . rests with the movant," and generally, "the plaintiff's choice of venue should not lightly be disturbed". Id. "Transfer is not to be liberally granted and should not occur unless the balance of convenience of the parties is strongly in favor of defendant." Edwards v. Equifax Information Services, LLC, 313 F.Supp. 3d 618, 622 (E.D. Pa. 2018) (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970)).

In the Third Circuit, the contours for our analysis under § 1404(a) are set forth in Jumara, 55 F.3d at 879. While there is no definitive formula or list of factors for courts to consider in ruling on § 1404(a) motions, courts consider

variants of public and private interests protected by § 1404(a). Id.

Private interest factors that we may consider include: (1) plaintiff's forum preference as manifested by his original choice; (2) the defendants' forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that they may actually be unavailable for trial in one of the fora; (6) the location of the books and records similarly limited to the extent that the files could not be produced in the alternative forum; and (7) practical considerations that could make the trial easy, expeditious, or inexpensive. Id.; see also In re: Howmedica Osteonics Corp, 867 F.3d 390, 402, n. 7 (3d Cir. 2017), cert. denied sub nom. Nordyke v. Howmedica Osteonics Corp., 138 S. Ct. 1288 (2018).

Public interest factors that we may consider include: (1) the enforceability of the judgment; (2) court congestion of the different fora; (3) local interest in deciding local controversies at home; (4) public policies of the fora; and (5) familiarity of the trial judge with the applicable law in state diversity cases. Jumara, 55 F.3d at 879. These considerations also support transferring an action to a district

when there is another action involving "the same or similar issues and parties." In re: Howmedica, 867 F.3d at 402.

II

We will examine each relevant factor in turn, beginning with the private factors. We first consider the preferred forum of the parties. Plaintiff, of course, prefers this district where the action was filed. Defendants prefer the Northern District of Texas and bear the burden of demonstrating the need for a transfer.

The parties disagree over how much weight we should afford plaintiff's forum preference. Plaintiff's choice would typically "not be lightly disturbed," especially considering that he has chosen his home forum. Jumara, 55 F.3d at 879; Edwards, 313 F.Supp. 3d at 622. However, the Supreme Court in Koster v. (Am.) Lumbermens Mut. Cas. Co. stated that "where there are hundreds of potential plaintiffs . . . the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened." 330 U.S. 518, 524 (1947). Koster involved a shareholders' derivative action, but courts have since applied this reasoning to class actions. Id. at 519; see Smith v. HireRight Sols., Inc., 2010 WL 2270541, at *3 (E.D. Pa. June 7, 2010); Howell v. Shaw Indus., 1993 WL 387901, at *3 (E.D. Pa. Oct. 1, 1993); Impervious Paint Indus., Ltd. v. Ashland Oil, Inc., 444 F.Supp. 465, 467 (E.D. Pa. 1978).

Defendants contend that we therefore should afford little weight to plaintiff's preference.

Plaintiff counters that the special venue provision in USERRA affords greater weight to his forum choice. Courts have held that liberally allowing transfers in cases with special venue provisions would undermine Congressional intent to minimize the burden on plaintiffs. In re Laidlaw Sec. Litig., 1991 WL 170837, at *2 (E.D. Pa. Aug. 27, 1991).

Special venue provisions and class actions therefore cut in opposite directions over how much weight to afford the choice of plaintiff's home forum. Both parties have identified cases where the courts have given more or less weight to plaintiff's preference in light of these competing considerations. In Wellens v. Daiichi Sankyo Co., for example, the court weighed plaintiff's preferred forum choice more heavily that it normally would in a class action brought under Title VII because it has a special venue provision. 2013 WL 3242294, at *3 (N.D. Cal. June 25, 2013). Similarly in In re Laidlaw, the court granted plaintiff's preferred forum choice greater deference than it otherwise would because the securities statute that gave rise to the cause of action contained a special venue provision, even though the plaintiff brought the case as a class action. 1991 WL 170837, at *2. By contrast, the courts in Duffer v. United Cont'l Holdings, Inc., 2013 WL

2147802, at *2 (S.D. Cal. May 16, 2013) and Carder v. Continental Airlines, Inc., No. 3:09-cv-01448-DMS-BLM, at *3 (S.D. Cal. Sept. 28, 2009) granted plaintiffs' forum choices little deference in USERRA cases brought as class actions.

In light of these different approaches, we will afford plaintiff's choice of his home forum in the presence of a special venue provision some weight, but not as much as we otherwise would because he brings his complaint as a class action. In order to warrant transfer, defendants still bear the burden of demonstrating that the other factors, on balance, outweigh plaintiff's choice.

III

The second private factor, the convenience of the parties when considering their "relative physical and financial condition," does not help defendants meet their burden. If anything, it weighs in favor of remaining in this district. The court acknowledges that defendants are headquartered in Fort Worth and would be at least somewhat inconvenienced by sending their employees to Philadelphia for a trial or other court proceedings. However, plaintiff would be similarly inconvenienced by having to travel to the Northern District of Texas. While designated as a class representative, plaintiff of course also has a personal interest in the litigation. Since a jury trial has been demanded, it will be imperative for the jury

to see in the courtroom someone representing the class other than the lawyers, just as defendants will assuredly have their representatives present.  Transfer is not warranted when the effect would be to shift inconvenience from defendants to plaintiff.  Edwards, 313 F.Supp. 3d at 622.

       Defendants' financial condition, compared to that of plaintiff, clearly allows them to afford more easily the inconveniences associated with travel.  Defendants are the nation's largest domestic airline and a Fortune 500 company with billions of dollars in assets.  They maintain a "hub" in Philadelphia with thousands of employees and operate 7 to 9 daily flights from Fort Worth to Philadelphia.  Defendants simply cannot maintain that inconvenience would be greater to them than to an individual plaintiff, notwithstanding that they may need to fly a number of individuals to this district.

IV

       The third factor, the convenience of the witnesses, does not weigh in favor of transfer.  We are only required to consider the convenience of witnesses "to the extent that they may actually be unavailable for trial in one of the fora." Jumara, 55 F.3d at 879.  Though more witnesses may be located in Fort Worth than Philadelphia, there is no indication that any would be unavailable in the Eastern District of Pennsylvania. This factor therefore is neutral.

V

Defendants' argument regarding the location of books and records is similarly unpersuasive. While the relevant documents may be located in the Fort Worth, defendants do not suggest that any documents cannot easily be produced in Philadelphia. Moreover, technological advancements significantly reduce the weight of this factor as files can be easily reproduced and provided in electronic format. Coppola v. Ferrellgas, Inc., 250 F.R.D. 195, 200 (E.D. Pa. 2008).

VI

We next consider whether the claims arose elsewhere. Defendants argue that the claim arose in Fort Worth because plaintiff's cause of action arose from strategic policy decisions of defendants made at their headquarters in Fort Worth. Theresa Alying v. Travelers Prop. Cas. Corp., 1999 WL 994403, at *5 (E.D. Pa. Oct. 28, 1999). Plaintiff counters that his home forum of the Eastern District of Pennsylvania is where the claim arose because "a breach that results from plaintiffs being denied benefits occurs where the benefits are to be received." Keating v. Whitmore Mfg. Co., 981 F.Supp. 890, 892-893 (E.D. Pa. 1997). Because plaintiff brought this suit as a class action, the class members would suffer harm wherever they are located. Accordingly, we do not give much weight to this factor and consider it to be neutral.

VII

We now turn to the last private factor, "practical considerations that could make the trial easy, expeditious, or inexpensive." Defendants assert that this factor weighs in favor of transfer because Fort Worth is the center of discovery with witnesses and documents. We must be careful to not interpret this factor so as to "double count" any considerations that we made in the context of other factors. Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd., 2009 WL 3055300, at *5 (W.D. Pa. Sept. 21, 2009). Because defendants only reiterate facts that we have already considered, this factor is neutral.

VIII

We next consider the public factors, most of which do not weigh heavily in our analysis. Courts throughout our circuit have routinely acknowledged that "factors such as the enforceability of the judgment, public policies, and the familiarity of the trial judge with the applicable law are neutral here because the causes of action at issue arise under federal law." Samsung SDI Co. v. Matsushita Elec. Indus. Co., 524 F.Supp. 2d 628, 633 (W.D. Pa. 2006), see also Carnegie Mellon Univ. v. Marvell Tech. Group Ltd., 2009 WL 3055300, at *5 (W.D. Pa Sept 21, 2009).

Court congestion weighs in favor of remaining in this district. It has a slightly faster median time from filing to

disposition and from filing to trial.  Moreover, our district has no "judicial emergencies" resulting from vacancies while the Northern District of Texas has five vacancies considered "judicial emergencies," including three vacancies of over three years.  Perhaps most relevant, the undersigned, to whom the matter is assigned, is current in his work.  There will be no undue delay here.

IX

Defendants contend that transfer is warranted because this claim has "the same or similar issues and parties" as the case of Hoefert v. Am. Airlines Inc., No. 4:18-CV-00466 (N.D. Tex.) which is pending in the Northern District of Texas.  The Hoefert litigation is a USERRA class action against American Airlines and American Airlines Group, Inc. initially brought in the District of Arizona.  Plaintiff claimed that pilots who were out on military leave were not given certain benefits to which they were entitled under several Collective Bargaining Agreements.  The benefits of which they were allegedly deprived included vacation and sick time accrual and eligibility to participate in a monthly bonus program while others who were out on other forms of leave did enjoy these benefits.  The Arizona court transferred the case to the Northern District of Texas in part because of Woodall v. Am. Airlines, Inc., 3:06-CV-00072 (N.D. Tex.), a similar USERRA class action regarding vacation

and sick time accrual that had reached a settlement in 2008. Hoefert v. Am. Airlines Inc., 2018 WL 2740276, at *3 (D. Ariz. June 7, 2018). The Woodall and Hoefert lawsuits therefore have significant overlap, with the same American Airlines Inc. defendant,[1] nearly identical classes, and many of the same causes of action.

The Hoefert lawsuit and the present lawsuit are less similar. We first consider the parties. While the defendants are the same in both cases, the plaintiff classes have notable differences. Plaintiff in the present case seeks to represent fellow employees who took military leave while participating in the Global Profit Sharing Plan whose award under the Plan did not include imputed earnings for periods of military leave. By contrast, plaintiff in Hoefert sought to represent 3 classes: (1) all current and former pilots who did not accrue sick time due to military absence between July 2012 and trial, (2) all current and former pilots who did not accrue vacation time due to military absence, and (3) all current and former pilots who took military absence during the time of a monthly bonus program, all between July 2012 and trial. While there could be some overlap in these two classes, namely, pilots who did not

---

1. The Hoefert litigation also named American Airlines Group, Inc. as a defendant. It has since been dismissed. Hoefert v. American Airlines Inc., No. 4:18-cv-00466, Doc. # 45 (N.D Tex. June 12, 2018).

receive various benefits purportedly owed to them while on military leave, the present litigation class is not limited to pilots.

We next consider whether the issues in Hoefert and the present case are the same or similar.  Notably, both allege violations of § 4316(b)(1) of USERRA because defendants purportedly treat military leave differently than other types of leave.  Both involve interpretation of various Collective Bargaining Agreements.  However, the benefits at issue in Hoefert, leave accrual and a particular bonus program, are distinct from the benefits of the Global Profit Sharing Plan.  Plaintiff in this case also alleges additional allegations, including violations of § 4318 of USERRA because the Global Profit Sharing Plan qualifies as an employee benefit pension plan.

The present lawsuit involves class members and issues with notable differences from Hoefert.  Significantly, Woodall and Hoefert were not assigned to the same judge as related cases in the Northern District of Texas.[2]  This undermines any

---

2.  Local Rule 3.3 of the Northern District of Texas describes the requirements for filing a related case.  A filing plaintiff or removing party must include a notice of a related case if one exists.  A "related case" includes a civil action
> that—to the best of the plaintiff's or removing party's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances—arises from a common nucleus of

contention that transfer to the Northern District of Texas would ensure that the present case would proceed more efficiently than if it remained here.  There would be no benefit to having this case in the Northern District of Texas if it were in front of a different judge.  We also note that we are dealing here with federal and not state claims for relief.  The presence of the <u>Hoefert</u> case in the Northern District of Texas is not a persuasive reason for transfer under § 1404(a).

X

The defendants, as noted above, have the burden to establish the need for transfer "for the convenience of the parties and witnesses, in the interests of justice."  Most factors are neutral, while others weigh slightly in favor of plaintiff.  Defendants have not met their burden.

Accordingly, the defendants' motion to transfer this action to the United States District Court for the Northern District of Texas under § 1404(a) will be denied.

---

          operative fact with the case being filed or
          removed, regardless whether the related case is a
          pending case.