## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES P. SCANLAN, on behalf of himself
and all others similarly situated

               Plaintiff

-vs.-

AMERICAN AIRLINES GROUP, INC. and
AMERICAN AIRLINES, INC.

               Defendants

**Case No. 18-4040**

**PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT**

## INTRODUCTION

Plaintiffs respectfully request the Court's leave to amend their Amended Complaint ("FAC"). Plaintiffs propose to file a Second Amended Complaint ("SAC") that adds a breach of contract claim against Defendant American Airlines Group, Inc. ("AAG") for failing to follow the terms of AAG's Profit Sharing Plan by not crediting military service when calculating the profit sharing awards of American Airlines pilots. It was only in the past two weeks that Plaintiff confirmed the facts to support this breach of contract claim and discern that pilots are the only members of the proposed Profit Sharing Class who have such a claim.

As demonstrated below, Plaintiff's proposed amendment is not prejudicial, untimely, or futile. To the contrary, the proposed amendment adds a legal claim and factual allegations unavailable at the time of Plaintiff's filing of the original Complaint and First Amended Complaint. Permitting the proposed amendment will not require a delay of the schedule or prejudice Defendants' ability to take discovery in this case or prepare its case for trial. Under the rules permitting liberal amendment, Plaintiffs should be granted leave to amend their FAC.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 19, 2018, Plaintiff James Scanlan filed the original Complaint in this putative class action alleging that Defendants violated USERRA by failing to take his military service into account when determining his profit-sharing award under AAG's Profit Sharing Plan. ECF No. 1. On January 7, 2019, before Defendants had filed any responsive pleading, Plaintiff amended the Complaint as a matter of right and filed the Amended Complaint. The Amended Complaint added a new USERRA claim that challenges Defendant American Airlines's ("American") failure to pay employees who took short-term military leave while simultaneously paying employees who took comparable leaves such as jury duty and

bereavement leave. ECF No. 13. On April 2, 2019, the Court denied Defendants' motion to transfer the action. ECF No. 32.

On April 9, 2019, Defendants moved to dismiss the First Amended Complaint, and on June 18, 2019, the Court denied the motion to dismiss in part and granted it in part. *Scanlan v. Am. Airlines Grp., Inc.*, 384 F. Supp. 3d 520 (E.D. Pa. 2019). In that order, the court dismissed Plaintiff's claim under USERRA § 4318 in which Plaintiff claimed that the Profit Sharing Plan was a pension plan under USERRA and, therefore, had to credit all military service when calculating profit sharing benefits for Plaintiffs and other reservist employees. *Id.* at 531. But the Court held that Plaintiff had stated two claims: first, Plaintiff's claim under USERRA § 4316(b) that Defendants are required to provide paid leave to American employees who take short-term military leave because it gives paid leave to employees who take comparable leaves; and second, Plaintiff's claim under § 4316(b) that AAG is required to credit periods of military service when calculating profit sharing awards because AAG credits comparable periods of leave such as jury duty and bereavement leave. *Id.* at 528-29.

From the fall of 2019 through February 2020, the parties have engaged in written discovery, including issuing and responding to document requests and interrogatories. Despite the fact that Plaintiff's earliest discovery requests sought complete copies of the Profit Sharing Plan documents and the 401(k) plan documents from which the Profit Sharing Plan's definition of "compensation" is derived, Defendants did not complete production of these documents until January 29, 2020. Declaration of Colin M. Downes ¶ 2.

On February 14, 2020, Plaintiff's counsel took a 30(b)(6) deposition of Defendants' corporate witness regarding the Profit Sharing Plan. During that deposition, the Defendants' witness offered testimony that confirmed the Profit Sharing Plan document takes its definition of

"Eligible Earnings" from the term "Compensation" as defined in employees' respective 401(k) plans, Declaration of Colin M. Downes Ex. 1 at 51:20-52:1, 52:23-53:2. And in the case of pilots, who make up a lion's share of the proposed Class Members in this case, their 401(k) plan defines "Compensation" to include the amount of earnings that employees would have received had they been compensated during periods of military leave. *Id*. at 67:10-22; 74:8-13.

This 30(b)(6) testimony confirmed that that under the terms of the Profit Sharing Plan documents, AAG is required to credit pilots' military service when calculating profit sharing awards. This is an independent duty that the terms of the Profit Sharing Plan impose on Defendant AAG, regardless of whether USERRA § 4316(b) requires military leave and comparable leaves to be treated the same for the purposes of profit sharing rights or benefits. And, as the 30(b)(6) witness confirmed, because Defendant AAG has not credited any military service for pilots when calculating profit sharing awards, AAG Dep. (Finn) at 56:8-11, 69:25-70:5, it is now clear that Defendant AAG has violated the terms of the Profit Sharing Plan with respect to the American pilots—whether or not the same failure to credit military leave for pilots violated USERRA § 4316(b).

Because Defendants' January 29, 2020 document production and February 14, 2020 testimony together put Plaintiff on notice that AAG had violated the terms of the Profit Sharing Plan by not crediting military leave for pilots with American (and not necessarily other employees or members of the Profit Sharing Class who took military leave), Plaintiff now seeks to amend the First Amended Complaint to add an additional claim for breach of contract for the American pilots who are members of the proposed Profit Sharing Class.

## THE PROPOSED SECOND AMENDED COMPLAINT

In the proposed Second Amended Complaint, Plaintiff proposes to add a breach of contract claim against Defendant AAG on behalf of a subclass of the proposed Profit Sharing Class that is made up of American Pilots (*i.e.*, an American Pilot Profit Sharing Subclass), along with factual allegations to support that claim. The breach of contract claim asserts that the terms of the Profit Sharing Plan, read in conjunction with the Pilots' 401(k) Plan, require AAG to credit the military service of all American pilots, and that AAG failed to credit such military service in contravention of the Profit Sharing Plan's terms.

In addition, the proposed Second Amended Complaint (1) *eliminates* the USERRA § 4318 retirement claim that the Court dismissed with prejudice in its motion to dismiss order, *see Scanlan*, 384 F. Supp. 3d at 531, (2) eliminates the factual allegation that sick leave and union duty are comparable to short-term military duty, as Plaintiff does not intend to advance the argument in this litigation that those two types of leaves are comparable to short-term military leave, and (3) modifies the proposed class definition to add an American Pilot Profit Sharing Subclass and to exclude three small groups of workers from the proposed Classes: employees in American's passenger service work group, employees in US Airways' legacy fleet service work group, and employees in US Airways' legacy maintenance control technician work group.

A copy of the proposed Second Amended Complaint is attached as Exhibit 2 to the Declaration of Colin M. Downes filed herewith. A copy showing in tracked changes the differences from the Amended Complaint is attached as Exhibit 3.

<u>**ARGUMENT**</u>

**I.      Motions to Amend Are Liberally Granted Under Rule 15**

Rule 15 embodies a liberal policy under which courts have broad discretion to permit amendments to pleadings. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). "[M]otions to amend pleadings should be liberally granted." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

It has been established for decades that leave should be granted unless the party opposing the amendment shows that it is the product of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, a district court may deny a motion for leave to amend only if the court finds: undue delay, bad faith, dilatory motive, prejudice, or futility.  *Menkes v. 3M Co.*, No. 17 Civ. 0573, 2018 WL 2298620, at *13 (E.D. Pa. May 21, 2018) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). "Only when these factors suggest that amendment would be 'unjust' should the court deny leave." *Arthur v. Maersk*, 434 F.3d 196, 203 (3d Cir. 2006) (internal citations omitted).

Rule 15(a)(2) places the burden to make a showing of undue delay, bad faith, dilatory motive, prejudice, or futility on the party opposing the amendment. *Hildebrand v. Dentsply Int'l, Inc.*, 264 F.R.D. 192, 197 (E.D. Pa. 2010). The touchstone of this is a showing of prejudice to the party opposing the amendment. *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the V.I., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981); *Teva Pharm. USA, Inc. v. Amgen, Inc.*, No. 09 Civ. 5675, 2010 WL 11558270, at *2 (E.D. Pa. Nov. 19, 2010). Thus, "[i]f no prejudice is found, then leave normally

will be granted."  6 Charles Alan Wright & Arthur R. Miller, Fed. Practice and Procedure § 1484 (3d ed.).

## II.     The Proposed Amendment Satisfies Rule 15.

### A.     Each of the Rule 15 Factors Favors Allowing Plaintiffs to Amend.

The Court should grant Plaintiffs' motion for leave to file the Second Amended Complaint, because Defendants cannot establish that: (1) there is undue delay; (2) Plaintiffs bring this motion in bad faith or for dilatory motives; (3) the amended complaint would be futile; or (4) Defendants will be prejudiced if amendment were allowed at this juncture.  *See Menkes*, 2018 WL 2298620, at *13.

#### 1.     Plaintiffs Have Not Delayed in Moving to Amend.

When determining whether to grant a motion to amend, courts consider whether there has been undue delay in moving to amend.  *Foman*, 371 U.S. at 182; *Menkes*, 2018 WL 2298620, at *13.  "The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay."  *Fehr v. Sus-Q Cyber Chapter Sch.*, No. 13 Civ. 1871, 2015 WL 769721, at *1 (M.D. Pa. Feb. 23, 2015) (citing *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)).  "In fact, delay alone is an insufficient ground to deny leave to amend."  *Id.* (citing *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n.*, 573 F.2d 820, 823 (3d Cir. 1978)).

Leave to amend for undue delay has been denied in limited circumstances, such as when amendments have been classified as "eleventh hour" and dilatory.  *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003) (finding lower court did not abuse its discretion in denying leave to amend where plaintiff moved for amendment the day before his opposition to summary judgment motion was due); *Rolo v. City Inv'g Co. Liquidating Trust*, 155 F.3d 644, 654–55 (3d Cir. 1998) (rejecting proposed second amended complaint where plaintiffs were

repleading facts that could have been pled earlier). While a court may look to the moving party's reasons for not moving to amend sooner, unless the delay prejudices the non-moving party, a movant need not establish a compelling reason for its delay. *Astrazeneca AB v. Ranbaxy Pharm., Inc.*, No. 05 Civ. 5553, 2008 WL 5272018, at *6, (D.N.J. Dec. 15, 2008) (citing *Heyl & Patterson Int'l, Inc.*, 663 F.2d at 426).

Here, Plaintiff has exercised diligence in moving to amend. Plaintiff has sought to amend within a month of receiving the Profit Sharing Plan and 401(k) documents establishing the scope of the potential class and within two weeks of a Rule 30(b)(6) deposition that confirmed how the terms of the Profit Sharing Plan require AAG to credit military service when calculating profit sharing awards for pilots (but not necessarily other work groups), leading Plaintiff to believe that he and other American pilots (but not necessarily other proposed Profit Sharing Class Members) may assert a breach of contract regarding the terms of the Profit Sharing Plan. This proposed amendment comes long before the close of discovery and trial. Even though the parties have engaged in a modest amount of discovery related to class certification, the Court has not yet entered a scheduling order for the remaining merits discovery, any summary judgment motion, or trial, and will set those dates after ruling on the class certification motion. Moreover, adding a single claim for breach of contract will not materially expand the scope of discovery or the scope of this litigation. If any additional discovery is needed on the breach of contract claim, it will pale in comparison to the additional discovery that will occur in this case between a class certification order and the close of discovery.

For these reasons, Plaintiff's motion for leave to amend is timely.

## 2. Defendants Cannot Show Bad Faith or Dilatory Motive.

As with undue delay, in assessing bad faith and dilatory motive, courts look to the reasons why a party did not seek to amend earlier. *Foman*, 371 U.S. at 182 (coupling "bad faith" together with "dilatory motive"); *Adams*, 739 F.2d at 868. Courts may find prejudicial delays to the non-moving party and may infer bad faith on the part of a plaintiff who waits months after the discovery of new evidence or until summary judgment motions are filed. *See Cureton v. NCAA*, 252 F.3d 267, 273-74 (3d Cir. 2001); *Whitman v. Proconex, Inc.*, No. 08 Civ. 2667, 2009 WL 113740, at *3 (E.D. Pa. 2009). The scope of judicial inquiry is limited to whether the motion to amend *itself* is being made in bad faith, not whether the original complaint was filed in bad faith or whether conduct outside the motion to amend amounts to bad faith. *See J.E. Mamiye & Sons, Inc. v. Fidelity Bank*, 813 F.2d 610, 614 (3d Cir. 1987) ("[T]he question . . . of bad faith, requires that we focus on the plaintiffs' motives for not amending their complaint . . . earlier") (quoting *Adams*, 739 F.2d at 868); *Trueposition, Inc.*, 2002 WL 1558531, at *1-2.

Here, there is no evidence of intentional delay, bad faith, or dilatory motive. As described above, Plaintiff sought leave to amend within less than two weeks after his counsel took a deposition that allowed Plaintiff to confirm that the Profit Sharing Plan's terms require pilots' military service to be credited when calculating profit sharing awards and the scope of the class entitled to assert such a claim, and about a month after Defendants produced the documents that are relevant to this issue. Because Plaintiff brings this amendment in good faith without dilatory motive, leave to amend should be granted.

## 3. The Proposed Amendment Is Not Futile.

In determining whether an amendment would be futile, a court applies the same standards applicable to a motion to dismiss pursuant to Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115

(3d Cir. 2000); *Ndubizu v. Drexel Univ.*, No. 07 Civ. 3068, 2009 WL 3459182, at *3 (E.D. Pa. Oct. 26, 2009).  Thus, all allegations in the proposed amendments must be accepted as true "as well as the reasonable inferences that can be drawn from them." *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 796 (3d Cir. 2001).

But "[t]his does not require the parties to engage in the equivalent of substantive motion practice upon the new proposed claim or defense[.]" *Ndubizu*, 2009 WL 3459182, at *3 (quoting *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468-69 (D.N.J. 1990)).  "The court must only determine whether the newly asserted claim[] 'appear[s] to be sufficiently well grounded in fact or law that it is not a frivolous pursuit.'" *Id.* (quoting *Harrison*, 133 F.R.D. at 468-69); *see also Miller v. Beneficial Mgmt. Corp.*, 844 F. Supp. 990, 1001 (D.N.J. 1993) (explaining "the futility of an amendment may only serve as a basis for denial of leave to amend where the proposed amendment is frivolous or advances a claim that is legally insufficient on its face") (internal citation and quotation marks omitted).  Moreover, "[g]iven the liberal standard applied to the amendment of pleadings, courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Le v. Five Fathoms, Inc.*, No. 91 Civ. 3168, 1992 WL 471246, at *2 (D.N.J. Aug. 14, 1992).

Plaintiffs' proposed amendment cannot be futile. It adds a simple and straightforward breach of contract claim that asserts that the terms of the Profit Sharing Plan, when read in conjunction with the pilots' 401(k) plan, require AAG to credit all military service of pilots, and that AAG has breached the terms of the Profit Sharing Plan by not crediting any such military service when calculating profit sharing awards for pilots.  Because Defendants cannot prove that Plaintiffs' amendment is futile, it should be allowed to proceed.

### 4.    Defendants Cannot Show They Will Be Prejudiced by Amendment.

Rule 15(a)(2) focuses on whether an amendment will prejudice the non-moving party and requires the party opposing the amendment to make such a showing. *See Race Tires Am., Inc.*, 614 F.3d at 84; *see also Cureton*, 252 F.3d at 273 ("The issue of prejudice requires that we focus on the hardship to the defendants if the amendment were permitted."). "But the non-moving party must do more than merely claim prejudice." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). "To state a cognizable claim of prejudice, the defendant must establish that it would be 'unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered' had the allegations in the amended complaint been timely made." *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 228 (E.D. Pa. 2012) (quoting *Pegasus Int'l, Inc. v. Crescent Mfg. Co.*, No. 06 Civ. 2943, 2007 WL 1030457, at *5 (E.D. Pa. Apr. 2, 2007)).

Prejudice involves the serious impairment of the defendant's ability to present its case. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990). In deciding whether the proposed amendment would unfairly prejudice the opposing party, courts consider whether permitting the amendment would: (1) require defendants to "expend significant additional resources to conduct discovery and prepare for trial"; (2) "significantly delay the resolution of the dispute"; or (3) prevent a party from "bringing a timely action in another jurisdiction." *Long*, 393 F.3d at 400 (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). However, the need for additional discovery due to amendment does not, without more, prejudice the non-moving party. *Synthes, Inc.*, 281 F.R.D. at 228; *accord Dole*, 921 F.2d at 488. Even when a proposed amended complaint adds substantive allegations against a defendant or adds new defendants, where such new defendants are related to the existing ones or where "[t]he evidence required to meet these

new allegations is substantially similar to that which was originally required," prejudice does not exist. *Pegasus Int'l,* 2007 WL 1030457, at *5 (quoting *Dole*, 921 F.2d at 488).

Plaintiffs' proposed amendment is not prejudicial to Defendants because they will not be disadvantaged or deprived of any opportunity to present facts or evidence. The resolution of the suit will not be delayed, and Defendants will not have to spend any additional resources because of the amendment. Defendants will have the same opportunity to take discovery and prepare for trial without any material increase in the expense or any delay in the schedule.

Nor are Defendants prejudiced by the other proposed amendments. The Second Amended Complaint would eliminate a claim that the Court has already dismissed and eliminate factual allegations about union duty and sick leave being comparable to short-term military leave. If anything, Defendants will benefit by these changes that limit the scope of Plaintiffs' claims, as opposed to suffering prejudice.

Nor would narrowing the class definition prejudice Defendants. Eliminating three small work groups from the definitions of the proposed Classes *limits* the potential liability of Defendants. And it is well established that a plaintiff may modify the class definition in the Complaint consistent with the class definition the plaintiff proposes to the court in its class certification motion. "Modifying a class definition is contemplated by the Federal Rules of Civil Procedure, *see* Fed. R. Civ.P. 23(c)(1), and a court 'is not bound by the class definition proposed in the complaint . . . .'" *Allen v. Holiday Universal*, 249 F.R.D. 166, 171 n. 2 (E.D. Pa. 2008) (quoting *Robidoux v. Celani*, 987 F.2d 931, 937 (2d Cir. 1993)); *see Gates v. Rohm & Haas Co.*, 265 F.R.D. 208, 215 n.10 (E.D. Pa. 2010) (citing *Robidoux*, 987 F.2d at 937) (noting that Plaintiffs were permitted to substantially modify the proposed class definition in their reply brief).

Accordingly, Defendants cannot show that they will be prejudiced by the proposed amendments.

## **CONCLUSION**

For the reasons stated herein, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Amend and permit them to file the proposed Second Amended Class Action Complaint.

Dated: February 27, 2020

Respectfully submitted,

R. Joseph Barton (admitted *pro hac vice*)
Colin M. Downes (admitted *pro hac vice*)
BLOCK & LEVITON LLP
1735 20th Street NW
Washington D.C. 20009
Telephone: (202) 734-7046
Fax:     (617) 507-6020
Email: jbarton@blockesq.com
Email: colin@blockesq.com

Peter Romer-Friedman (admitted *pro hac vice*)
GUPTA WESSLER PLLC
1900 L Street, NW, Suite 312
Washington, D.C. 20036
Telephone: (202) 888-1741
Email: peter@guptawessler.com

Michael J. Scimone (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone (212) 245-1000
Email: mscimone@outtengolden.com

Hannah Cole-Chu (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
601 Massachusetts Avenue NW, Suite 200W
Washington, D.C. 20001
Telephone: (202) 847-4400

Email: hcolechu@outtengolden.com

Matthew Z. Crotty (admitted *pro hac vice*)
CROTTY & SON LAW FIRM, PLLC
905 W. Riverside Ave. Suite 404
Spokane, WA 99201
Tel: (509) 850-7011
Email:matt@crottyandson.com

Thomas G. Jarrard (admitted *pro hac vice*)
LAW OFFICE OF
THOMAS G. JARRARD LLC
1020 N. Washington St.
Spokane, WA 99201
Tel: (425) 239-7290
Fax: (509) 326-2932
Email: Tjarrard@att.net

Adam Garner
THE GARNER FIRM LTD.
1515 Market St. Suite 1200
Philadelphia PA 19102
Telephone: (215) 645-5955
Facsimile: (215) 645-5960
Email: adam@garnerltd.com

*Attorneys for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I, Ming Siegel, hereby certify that on February 27, 2020, I electronically filed the

foregoing Plaintiffs' Motion for Leave to Amend Complaint using the CM/ECF system, which

will send notification of such filing to counsel at the email addresses registered with the system.

Ming Siegel