**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES P. SCANLAN, on behalf of himself and all others similarly situated, | Case No. 2:18-cv-04040-HB |
| Plaintiff, | |
| -vs.- | **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANTS' AFFIRMATIVE DEFENSES** |
| AMERICAN AIRLINES GROUP, INC. and AMERICAN AIRLINES, INC. | |
| Defendants | |

# TABLE OF CONTENTS

BACKGROUND ................................................................................................................1

RULE 56 GOVERNING STANDARD ...........................................................................2

ARGUMENT ....................................................................................................................2

I.    Defendants Bear the Burden of Proof as to their Defenses and Plaintiff
May Seek Summary Judgment on Their Affirmative Defenses..................................2

II.    Defendants' First and Second Affirmative Defenses Fail as a Matter of Law
Based on This Court's Prior Decision ........................................................................3

III.    Defendants Have No Evidence for Their Third and Fourth Affirmative Defenses –
Laches and Statute of Limitations ..............................................................................5

    A.  USERRA Bars Timeliness Defenses as to Counts I and III ..................................5

    B.  No Timeliness Defense Applies to Count II..........................................................6

IV.    Defendants' Fifth and Sixth "Affirmative Defenses" are not Affirmative
Defenses......................................................................................................................8

V.    Defendants' Seventh Affirmative Defense Has Already Been Resolved.....................9

VI.    Defendants' Eighth Affirmative Defense Failes Because AAG is a Proper
Defendant....................................................................................................................9

    A.  AAG is a Proper Defendant on Count II ...............................................................9

    B.  AAG is a Propoer Defendant on Count I..............................................................10

VII.    Defendants' Ninth & Tenth Affirmative Defenses – Estoppel and Waiver –
Fail as a Matter of Law and For Lack of Evidence ....................................................11

    A.  Neither of these Defenses Apply to the USERRA Claims....................................12

    B.  Defendants Have No Evidence to Meet the Elements of an Estoppel Defense ....13

    C.  Defendants Have No Evidence to Meet the Elements of a Waiver Defense.........13

VIII.    Defendants' Eleventh Defense Does Not Bar Claims Challenging
Interpretation of the Plan ...........................................................................................14

CONCLUSION ..............................................................................................................15

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*A. Natterman & Cie GmbH v. Bayer Corp.*,
   428 F. Supp. 2d 253 (E.D. Pa. 2006) ............................................................................. 3

*Alvord–Polk, Inc. v. Schumacher & Co.*,
   37 F.3d 996 (3d Cir.1994) .............................................................................................. 3

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*,
   718 F. Supp. 2d 1167 (N.D. Cal. 2010) ......................................................................... 8

*Brewer v. Nationsbank of Tex., N.A.*,
   28 S.W.3d 801 (Tex. App. 2000) ................................................................................... 7

*Bunnell v. New Eng. Teamsters and Trucking Indus. Pension Fund*,
   655 F.2d 451 (1st Cir. 1981) ........................................................................................ 11

*Caldwell v. Barnes*,
   975 S.W.2d 535 (Tex. 1998) .......................................................................................... 7

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ....................................................................................................... 2

*Condom Sense, Inc. v. Alshalabi*,
   390 S.W.3d 734 (Tex. App.--Dallas 2012) .................................................................... 7

*Davis v. Crothall Servs. Grp., Inc.*,
   961 F. Supp. 2d 716 (W.D. Pa. 2013) ............................................................................ 9

*Duffer v. United Cont'l Holdings, Inc.*,
   173 F. Supp. 3d 689 (N.D. Ill. 2016) ............................................................................. 4

*Ebbert v. DaimlerChrysler Corp.*,
   319 F.3d 103 (3d Cir. 2003) ........................................................................................... 2

*Garrett v. Cir. City Stores, Inc.*,
   449 F.3d 672 (5th Cir. 2006) ........................................................................................ 12

*Giddings v. Media Lodge, Inc.*,
   4:17-CV-04068-RAL, 2018 WL 1763633 (D.S.D. Apr. 12, 2018) ............................. 10

*Goldstein v. Johnson & Johnson*,
   251 F.3d 433 (3d Cir. 2001) ......................................................................................... 14

*Hamilton v. United States*,
    No. 03 Civ. 669, 2005 WL 2671373 (S.D. Ohio Oct. 19, 2005)................................6

*Hawaiian Airlines, Inc. v. Norris*,
    512 U.S. 246 (1994) ................................................................................................4

*Huhmann v. Fed. Express Corp.*,
    874 F.3d 1102 (9th Cir. 2017) ................................................................................4

*In re Enter. Rent-A-Car Wage & Hour Empl. Practices Litig.*,
    683 F.3d 462 (3d Cir. 2012) ..................................................................................11

*In re Rawson Food Serv., Inc.*,
    846 F.2d 1343 (11th Cir. 1988) ..............................................................................8

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*,
    304 F.3d 829 (9th Cir. 2002) ..................................................................................6

*Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*,
    962 S.W.2d 507 (Tex. 1998) ................................................................................13

*Johnson v. Providence Health & Servs.*,
    C17-1779-JCC, 2018 WL 2289331 (W.D. Wash. May 18, 2018) .............................8

*Jones v. Knox County Ass'n for Retarded Citizens, Inc.*,
    2:15-CV-257-WTL-DKL, 2016 WL 1627628 (S.D. Ind. Apr. 19, 2016).................9

*Kantner v. Sears & Roebuck, Inc*,
    No. 5:15-CV-01039, 2016 WL 739187 (E.D. Pa. Feb. 25, 2016).............................3

*Kuntz v. Aetna Inc.*,
    No. 10-CV-00877, 2013 WL 2147945 (E.D. Pa. May 17, 2013)............................14

*Matsushita Elec. Indus. Co., Ltd.* v. *Zenith Radio Corp.*,
    475 U.S. 574 (1986) ................................................................................................2

*McDonald v. Western–Southern Life Ins. Co.*,
    347 F.3d 161 (6th Cir. 2003) ................................................................................14

*Moskalski v. Bayer Corp.*,
    No. 6–cv–568, 2008 WL 2096892 (W.D. Pa. May 16, 2008)................................14

*Palan v. Inovio Pharm. Inc.*,
    653 Fed. Appx. 97 (3d Cir. 2016)..........................................................................13

*Perry Homes v. Cull*,
    258 S.W.3d 580 (Tex. 2008) ................................................................................14

*Petrella v. Metro-Goldwyn-Mayer, Inc.,*
    572 U.S. 663 (2014) ........................................................................................6

*Podobnik v. U.S. Postal Serv.,*
    409 F.3d 584 (3d Cir. 2005) ...........................................................................2

*Rogers v. Ricane Enterprises, Inc.,*
    772 S.W.2d 76 (Tex. 1989) .............................................................................7

*Roslyn v. Northwest Airlines, Inc.,*
    No. 05–441, 2005 WL 1529937 (D. Minn. June 29, 2005) .............................4

*Scanlan v. Am. Airlines Group, Inc.,*
    CV 18-4040, 2020 WL 2126782 (E.D. Pa. May 5, 2020) ................................4

*Scanlan v. Am. Airlines Grp., Inc.,*
    384 F. Supp. 3d 520 (E.D. Pa. 2019) .........................................................9, 10

*Schrad v. Radnor Twp. Sch. Dist.,*
    No. CV 16-6354, 2017 WL 4310258 (E.D. Pa. Sept. 28, 2017) ....................2

*Smith v. Ferguson,*
    160 S.W.3d 115, 123 (Tex. App. 2005) ..........................................................7

*Sterten v. Option One Mtg. Corp.,*
    479 F. Supp. 2d 479 (E.D. Pa. 2007) ..............................................................2

*Stine v. Stewart,*
    80 S.W.3d 586 (Tex. 2002) .............................................................................7

*Sun Microsystems, Inc. v. Versata Enters., Inc.,*
    630 F. Supp. 2d 395 (D. Del. 2009) ..............................................................13

*Tolle v. PocketSonics, Inc.,*
    342 F. Supp. 3d 695 (W.D. Va. 2018).............................................................12

*U.S. v. Asmar,*
    827 F.2d 907 (3d Cir. 1987) ..........................................................................13

*U.S. v. Nevada,*
    817 F. Supp. 2d 1230 (D. Nev. 2011).............................................................10

*United States v. Baker,*
    No. 08 Civ. 374, 2009 WL 1407018 (E.D. Tenn. May 19, 2009)....................6

*United States v. Lawrence,*
    276 F.3d 193 (5th Cir. 2001) ..........................................................................6

*Van Arsdel v. Liberty Life Assurance Co. of Bos.*,
   267 F. Supp. 3d 538 (E.D. Pa. 2017)................................................................14

*Voilas v. Gen. Motors. Corp.*,
   170 F. 3d. 367 (3d Cir. 1999) .......................................................................5

*Washington v. Shell Oil Co.*,
   CV 17-8825, 2018 WL 2938310 (E.D. La. June 12, 2018)................................11, 12

*Williams v. Runyon*,
   130 F.3d 568 (3d Cir. 1997) ........................................................................3

*Witco Corp. v. Beekhuis*,
   38 F.3d 682 (3d Cir. 1994) .........................................................................3

*Wysocki v. Int'l Bus. Mach. Corp.*,
   607 F.3d 1102 (6th Cir. 2010) .....................................................................12

*Zivkovic v. S. Cal. Edison Co.*,
   302 F.3d 1080 (9th Cir. 2002) ......................................................................8

**Statutes**

42 Pa. C.S. § 5525 ..............................................................................................7

20 U.S.C. § 1091a(2) ...........................................................................................6

38 U.S.C. § 4302(b) ............................................................................................12

38 U.S.C. § 4303(4)(A)(i) ....................................................................................10

38 U.S.C. § 4327(b) ........................................................................................5, 6

45 U.S.C. § 151 ...................................................................................................3

**Other Authorities**

20 C.F.R. § 1002.37............................................................................................10

70 Fed. Reg. 75248 (Dec. 19, 2005).....................................................................10

2 James Wm. Moore et al., Moore's Federal Practice ¶ 8.07[1] (3d ed. 2006)............................2

Fed. R. Civ. P. 56(a) ...........................................................................................2

Pub. L. 110–389, § 311(f)(1), 122 Stat. 4163 (Oct. 10, 2008) .......................................5

Tex. Civ. Prac. & Rem. Code Ann. § 16.051 .............................................................7

**INDEX OF EXHIBITS**

Declaration of Colin M. Downes with the following attachments:

Exhibit 1:      Defendants' Objections and Responses to Plaintiff's First Set of Requests
                for Production of Documents, dated September 27, 2019

Plaintiff James Scanlan submits this Memorandum of Law in Support of his Motion for Partial Summary Judgment as to Defendants' Affirmative Defenses. The undisputed factual record demonstrates that Defendants have not and cannot identify any facts or law to support the affirmative defenses set forth in their Answer to Second Amended Complaint. Thus, Plaintiff's Motion should be granted in Plaintiff's favor as to Defendants' Affirmative Defenses.

## BACKGROUND

The Second Amended Complaint alleges three counts: Count I alleges a violation of USERRA by American Airlines Group ("AAG") for failing to provide credit to reservists who perform short-term military leave under the Plan; Count II alleges a common law breach of contract action against AAG for failing to provide credit under the Plan for short-term military leave to Plaintiff and other members of the American Pilot Profit Sharing Subclass; and Count III alleges that American Airlines, Inc. ("American") violated USERRA by failing to provide paid leave to military reservists who take short-term military leave despite providing paid leave for other comparable leaves. Second Am. Compl. (ECF No. 81-3) ¶¶ 74-101. Counts I and III are substantially the same as those found in the first Amended Complaint. *See* ECF No. 81-4.

In their Answer to the Second Amended Complaint, Defendants assert eleven "Affirmative Defenses" Answer (ECF No. 97). In response to Interrogatories, Defendants conceded that they have no facts to support their Second and Third Affirmative Defenses. ECF No. 82-9 at Nos. 3, 4. Defendants' First, Second and Seventh Affirmative Defenses have been resolved by prior decisions by this Court. Defendants' Fifth and Sixth Affirmative Defenses are not affirmative defenses at all. Defendants' Eighth, Ninth and Tenth Affirmative Defenses fail as a matter of law, and Defendants have produced no documents to support them in response to a

Request for Production of Documents issued in August 2019. Downes Decl. Ex. 1 at Nos. 10 and 11. Thus, all eleven "defenses" fail.

## RULE 56 GOVERNING STANDARD

Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.* v. *Catrett,* 477 U.S. 317, 322 (1986). To defeat a motion for summary judgment, the non-moving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.,* 409 F.3d 584, 594 (3d Cir. 2005). The non-moving party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd.* v. *Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ARGUMENT

### I.     Defendants Bear the Burden of Proof as to their Defenses and Plaintiff May Seek Summary Judgment on Their Affirmative Defenses.

"An affirmative defense is an assertion raising new facts and arguments that, if proven, defeat the plaintiff's claim even if the allegations in her complaint are true." *Sterten v. Option One Mtg. Corp.*, 479 F. Supp. 2d 479, 482–83 (E.D. Pa. 2007) (citing 2 James Wm. Moore et al., Moore's Federal Practice ¶ 8.07[1] (3d ed. 2006)). "In other words, an affirmative defense excuses the defendant's conduct even if the plaintiff is able to establish a *prima facie* case, while a general defense negates an element of plaintiff's *prima facie* case." *Schrad v. Radnor Twp. Sch. Dist.*, No. CV 16-6354, 2017 WL 4310258, at *3 (E.D. Pa. Sept. 28, 2017). A defendant has the burden of proving an affirmative defense. *Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 108 (3d Cir. 2003) (holding defendant employer had burden of proving the applicability of

affirmative defenses); *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997) (holding defendant employer had the burden of proving affirmative defenses).

A plaintiff may move for summary judgment on a defendant's affirmative defenses when they are unsupported by facts or defective as a matter of law. *Kantner v. Sears & Roebuck, Inc,* No. 5:15-CV-01039, 2016 WL 739187 (E.D. Pa. Feb. 25, 2016) (granting summary judgment on affirmative defenses). When a plaintiff files a "motion for summary judgment on the Defendants' affirmative defense . . . it is the non-moving party ([i.e.] the Defendants) who will bear the burden of proof at trial." *A. Natterman & Cie GmbH v. Bayer Corp.*, 428 F. Supp. 2d 253, 257 (E.D. Pa. 2006). Where the non-moving party has the burden of proof at trial, the moving party need only show that the non-moving party "has failed to produce evidence sufficient to establish the existence of an element essential to its case" in order to obtain summary judgment. *Id.* (quoting *Alvord–Polk, Inc. v. Schumacher & Co.,* 37 F.3d 996, 1000 (3d Cir.1994)). A non-moving party who has the burden of proof at trial must make a showing sufficient to establish the existence of a genuine issue for trial to survive summary judgment. *Witco Corp. v. Beekhuis,* 38 F.3d 682, 686 (3d Cir. 1994).

## II.     Defendants' First and Second Affirmative Defenses Fail as a Matter of Law Based on This Court's Prior Decision.

Defendants' first two affirmative defense allege this Court lacks subject matter jurisdiction based on the Railway Labor Act, Act, 45 U.S.C. § 151, *et seq*. ("RLA"), as to both the USERRA claims (Counts I and III) and breach of contract claim (Count II). Answer at 44-45.

With respect to Defendant's Second Affirmative Defense as to Count II, the Court has already rejected this theory in denying Defendants' motion to dismiss Count II pursuant to Federal Rule of Civil Procedure 12(b)(1). *Scanlan v. Am. Airlines Group, Inc.,* CV 18-4040,

3

2020 WL 2126782 (E.D. Pa. May 5, 2020). Thus, Defendants' Second Affirmative Defense thus fails as a matter of law.

Defendant's First Affirmative Defense fails for similar reasons. As this Court previously held, "[d]isputes . . . between an air carrier and its employees which are independent of a collective bargaining agreement are not subject to the dispute resolution mechanism of the Railway Labor Act. *Scanlan*, 2020 WL 2126782, at *3 (citing *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 257 (1994)). In *Huhmann v. Fed. Express Corp.,* 874 F.3d 1102 (9th Cir. 2017), the Ninth Circuit found that a claim based on an "independent legal right under USERRA …. and not by either the language of the CBA or its interpretation," was not pre-empted by RLA. *Id.* at 1107. In *Duffer v. United Cont'l Holdings, Inc.*, 173 F. Supp. 3d 689 (N.D. Ill. 2016), the court found that a USERRA claim was not pre-empted by the RLA and explained that if the parties do not dispute the interpretation of an RLA-covered collective bargaining agreement or if a disputed provision is not dispositive of an issue in the case, "then the underlying deferral claim is not precluded by the [RLA]." *Id*. at 712 (citing *Roslyn v. Northwest Airlines, Inc.*, No. 05–441, 2005 WL 1529937, at *2 (D. Minn. June 29, 2005)). These cases dispose of Defendants' First Affirmative Defense.

Here, neither Count I nor Count III of the Second Amended Complaint depends on the interpretation of a collective bargaining agreement. Count I alleges that Defendant AAG does not treat periods of short-term military leave as favorably as other forms of comparable short-term leave for purposes of credit under the Plan. Second Am. Compl. (ECF No. 81-3) ¶¶ 74-82. The Court has already held that the Plan is not a collective bargaining agreement covered by the RLA and that AAG is not Plaintiff's employer for purposes of the RLA. *Scanlan,* 2020 WL 2126782, at * 4. Count III alleges that American fails to provide paid military leave despite providing pay

for comparable leaves. Second Am. Compl. (ECF No. 81-3) ¶¶ 74-82. Both counts require a determination of whether short-term military leave is comparable to other forms of short-term leave like jury duty as a matter of law and fact. Neither, however, require the interpretation of a collective bargaining agreement. Even if CBAs may need to be "referred to" at trial to establish which leaves are paid or unpaid and which are comparable to one another, the Third Circuit has held in the Labor Management Relations Act context that such mere reference is "of little moment" in establishing preemption. *Voilas v. Gen. Motors. Corp.*, 170 F. 3d. 367, 377 (3d Cir. 1999). Thus, none of these claims are preempted.

## III. Defendants Have No Evidence for Their Third and Fourth Affirmative Defenses – Laches and Statute of Limitations.

Defendants' Third and Fourth Affirmative Defenses respectively allege that the claims in the Second Amended Complaint "are barred in whole or in part under the doctrine of laches" and are barred in whole or in part by the applicable statute of limitations." Answer at 45. Defendants have admitted that they are unaware of any facts to support either defense as applied to any of Plaintiff's claims. Defendant's Amended Objections and Responses to Plaintiff's First Set of Interrogatories (ECF No. 82-9) at Nos. 3 and 4. As Defendants have no facts to support these defenses, summary judgment should be entered in favor of Plaintiff.

### A. USERRA Bars Timeliness Defenses as to Counts I and III.

Neither laches nor limitations is a valid defense to USERRA claims as a matter of law. Since October 10, 2008, USERRA has provided that for any complaint filed in "a Federal or State court under this chapter alleging a violation of [USERRA], *there shall be no limit* on the period for filing the complaint or claim." 38 U.S.C. § 4327(b) (emphasis added); *see also* Pub. L. 110–389, § 311(f)(1), 122 Stat. 4163 (Oct. 10, 2008). As the claims in Count I and III arose after 2008, there is no statute of limitations that applies to any of those claims.

Section 4327(b) applies to the defense of laches as much as to the statute of limitations. As the Ninth Circuit has explained, "[l]aches is an equitable time limitation on a party's right to bring suit." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002). To apply a defense of laches to a USERRA claim would allow exactly what § 4327(b) expressly bars: a "limit on the period for filing the complaint or claim." 38 U.S.C. § 4327(b). Indeed, when Congress similarly amended the law governing student loan collection actions to provide that "no limitation shall terminate the period within which suit may be filed," 20 U.S.C. § 1091a(2), courts uniformly held that laches was barred by this nearly identical statutory language. *United States v. Lawrence*, 276 F.3d 193, 196 & n.2 (5th Cir. 2001) (holding 20 U.S.C. § 1091a(2) bars equitable defense of laches); *United States v. Baker*, No. 08 Civ. 374, 2009 WL 1407018, at *3 (E.D. Tenn. May 19, 2009) (holding no genuine issue of material fact raised on laches defense to student loan collection action "due to the elimination of the statute of limitations"); *Hamilton v. United States*, No. 03 Civ. 669, 2005 WL 2671373, at *4 (S.D. Ohio Oct. 19, 2005) (holding that to recognize laches defense to student loan collection action would "undermine Congress's intent in eliminating the statute of limitations"). Finally, "in face of a statute of limitations enacted by Congress, laches cannot be invoked to bar legal relief." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 679 (2014). As to any equitable relief, laches does not bar the claim, but may at most limit the equitable "relief at the remedial stage." *Id.* at 687. But, here, Defendants have conceded that there are no facts supporting their defense of laches. ECF No. 82-9 at No. 3.

### B.   No Timeliness Defense Applies to Count II.

Count II of the Second Amended Complaint alleges a breach of contract with respect to the Plan. Second Am. Compl. ¶¶ 83-94. The class period for Count II begins on January 1, 2016, (the effective date of the Plan), and the Second Amended Complaint was deemed filed by March

6, 2020. *Id.* ¶ 14; ECF No. 85 ¶ (3).

The Plan provides that it is governed by the laws of the State of Texas. The Plan (ECF No. 82-18) at § J.7. Texas, like Pennsylvania, maintains a four-year statute of limitations for breach of contract claims. Tex. Civ. Prac. & Rem. Code Ann. § 16.051; *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (holding that the state's four-year residual statute of limitations applies to breach of contract actions); *see also* 42 Pa. C.S. § 5525. "It is well-settled that a breach of contract claim accrues when the contract is breached." *Smith v. Ferguson*, 160 S.W.3d 115, 123 (Tex. App. 2005) (citing *Stine*, 80 S.W. 3d at 592). The earliest the Profit Sharing Plan was breached was in 2017, when Defendants determined that that Plaintiff was not entitled to credit under the Profit Sharing Plan for periods of time he spent on short-term military leave during the 2016 Plan year (and 2017 was the first time that an award was made under the Plan). Plan (ECF No. 82-18) at C and D; Declaration of James Scanlan in Support of Motion for Class Certification (ECF No. 83-1) at ¶¶ 3-4.

Assuming that Texas law would apply to this affirmative defense, Texas law, like federal law, applies a presumption that "a cause of action … is 'alive' if brought within the limitations period." *Condom Sense, Inc. v. Alshalabi,* 390 S.W.3d 734, 761 (Tex. App.--Dallas 2012). Even if AAG could potentially allege a legally valid laches defense to a claim filed within the statute of limitations period, the party asserting laches bears the burden of proof on the defense. *Brewer v. Nationsbank of Tex., N.A.*, 28 S.W.3d 801, 804 (Tex. App. 2000). "Two essential elements of laches are (1) unreasonable delay by one having legal or equitable rights in asserting them; and (2) a good faith change of position by another to his detriment because of the delay." *Caldwell v. Barnes*, 975 S.W.2d 535, 538 (Tex. 1998) (quoting *Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 80 (Tex. 1989)). Here Defendants have no evidence supporting either element. ECF

No. 82-9 at No. 3.

**IV.    Defendants' Fifth and Sixth "Affirmative Defenses" are not Affirmative Defenses.**

Defendants' Fifth Affirmative Defense contends that "[t]his lawsuit is not appropriate for class certification and that Plaintiff cannot meet his burden to show that the claims for which class treatment is sought meet the requirements of Federal Rule of Civil Procedure 23." Answer at 45. Defendants' Sixth Affirmative Defense contends that any violation of USERRA by Defendants was not "willful therefore Plaintiff is not entitled to recover liquidated damages." *Id*.

"A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002). *See In re Rawson Food Serv., Inc.,* 846 F.2d 1343, 1349 (11th Cir. 1988) (recognizing that a defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense). When a defendant pleads as an affirmative defense a defect in plaintiff's *prima facie* case*,* summary judgment on the affirmative defense is proper and does not bar consideration of those arguments if there is a failure of proof. *MobileMedia Ideas, LLC v. Apple Inc.,* 907 F. Supp. 2d 570, 627 (D. Del. 2012) (granting summary judgment on such a "defense"), *vacated in part on other grounds*, 780 F.3d 1159 (Fed. Cir. 2015).

The Fifth Affirmative Defense expressly alleges that the Plaintiff bears the burden of showing whether this matter is appropriate for class certification. A defendant's assertion that a plaintiff cannot meet the Rule 23 class certification requirements does not represent an affirmative defense, but a rebuttal of the plaintiff's class allegations. *Johnson v. Providence Health & Servs.*, C17-1779-JCC, 2018 WL 2289331, at *3 (W.D. Wash. May 18, 2018) (striking such a defense); *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010) (same).

Similarly, the Sixth Affirmative defense "is not an affirmative defense, because the Plaintiff has the burden of proving her entitlement to liquidated damages; the Defendant does not have to disprove it." *Jones v. Knox County Ass'n for Retarded Citizens, Inc.,* 2:15-CV-257-WTL-DKL, 2016 WL 1627628, at *2 (S.D. Ind. Apr. 19, 2016); *Davis v. Crothall Servs. Grp., Inc.*, 961 F. Supp. 2d 716, 736 (W.D. Pa. 2013) (finding Plaintiff bears the burden of demonstrating that Defendants' violations of USERRA were willful in order to recover liquidated damages under the statute)

**V.      Defendants' Seventh Affirmative Defense Has Already Been Resolved.**

Defendants' Seventh Affirmative Defense alleges that Plaintiff's claims in the Second Amended Complaint "fail as a matter of law under USERRA." Answer at 45. This Court has already determined that Counts I and III (the only claims brought under USERRA) each state a valid claim. *Scanlan v. Am. Airlines Grp., Inc.,* 384 F. Supp. 3d 520 (E.D. Pa. 2019) (denying motion to dismiss). Thus, while Counts I and III do not fail as a matter of law, Defendants' Seventh Affirmative Defense fails as a matter of law.

**VI.      Defendants' Eighth Affirmative Defense Fails Because AAG is a Proper Defendant.**

Defendants' Eighth Affirmative Defense alleges that Plaintiff's claims against AAG fail as a matter of law because AAG was not his employer. Answer at 46. As Count III is only brought against American Airlines, this defense can only apply to Counts I and II. *See* Second Am. Compl. ¶¶ 93-94.

**A.      AAG is a Proper Defendant on Count II.**

Count II of the Second Amended Complaint alleges a breach of contract action concerning the Profit Sharing Plan. Second Am. Compl. ¶¶ 91, 93. The terms of the Plan provide that "[p]rofit sharing awards under the Plan will be the obligation of and paid from the general

assets of AAG." Plan (ECF No. 82-18) ¶ C. AAG has the power to "modify, amend, annul, or terminate th[e] Plan. *Id.* ¶ H. As AAG is a party to the Plan, and Plaintiff and the Class, are all participants in the Plan whether AAG is an employer is irrelevant for Count II. Thus, Count II properly alleges a claim a claim against AAG.

### B.     AAG is a Proper Defendant for Count I

AAG is also a proper Defendant under Count I, which alleges that "AAG violated § 4316(b)(1) of USERRA by not crediting participants who took short-term military leave with imputed earnings for those periods when calculating their profit sharing awards, while crediting participants with their full earnings" while on other comparable leave. *Scanlan,* 384 F. Supp. 3d at 528; *see* Second Am. Compl. ¶ 80.

USERRA contains a "broad definition of employer." *Giddings v. Media Lodge, Inc.,* 4:17-CV-04068-RAL, 2018 WL 1763633, at *5 (D.S.D. Apr. 12, 2018) (explaining USERRA has a "broad definition of employer"); 70 Fed. Reg. 75248 (Dec. 19, 2005) (explaining that USERRA's definition of employer was "much broader" than the definitions found in other discrimination statutes and includes any person who "has control over employment opportunities," including a person "to whom the employer has delegated the performance of employment-related responsibilities").[1] USERRA defines an "employer" to include an "entity *to whom the employer has delegated the performance of employment-related responsibilities*." 38 U.S.C. § 4303(4)(A)(i) (emphasis added). An entity that has the "authority and control" to decide whether an employee is entitled to "a benefit of employment" qualifies as an employer under USERRA. *Washington v. Shell Oil Co.,* CV 17-8825, 2018 WL 2938310, at *3 (E.D. La. June

---

[1] USERRA's definition of employer also allows for the possibility that an employee may have more than one employer. *U.S. v. Nevada,* 817 F. Supp. 2d 1230, 1237 (D. Nev. 2011) (citing 20 C.F.R. § 1002.37 and concluding that entity that paid salary was employer under USERRA).

12, 2018) (finding insurer that decided and paid disability benefits was an employer under USERRA); *Bunnell v. New Eng. Teamsters and Trucking Indus. Pension Fund*, 655 F.2d 451, 452 (1st Cir. 1981) (upholding under USERRA's predecessor a determination that a benefit plan was a proper defendant where the employer had "delegated" the "rights of control over [the] benefits.").[2]

Here, AAG calculates and determines profit sharing awards based on employees' wages and salaries in that the decision to make such awards is left to the Compensation Committee of AAG's Board of Directors. *See* Plan (ECF No. 82-18) at C, F.2. Pursuant to Section H of the Plan, AAG has the authority to modify, amend, annul, or terminate the Plan and, as such, has the authority to increase, reduce, or eliminate employees' profit-sharing awards. *Id.* at H.

## VII.   Defendants' Ninth & Tenth Affirmative Defenses – Estoppel and Waiver – Fail as a Matter of Law and For Lack of Evidence.

Defendants' Ninth Affirmative Defense asserts that "[t]he claims in the [Second Amended Complaint] are barred in whole or in part by the doctrine of estoppel." Answer at 46. Defendants' Tenth Affirmative Defense assert that "[t]he claims in the [Second Amended Complaint] are barred in whole or in part by the doctrine of waiver." *Id.* Despite Plaintiff issuing a Request for Production in August of 2019 requesting any documents in support of Defendants' defenses, Defendants have not produced any documents (or other evidence) that appear to support these defenses. *See* Downes Decl. Ex. 1 at No. 11; Downes Decl. ¶ 3.

---

[2] "Congress intended the definition of "employer" under USERRA to be the same as the definition of that term under the Fair Labor Standards Act (FLSA)." *Mace v. Willis,* 259 F. Supp. 3d 1007, 1023 (D.S.D. 2017) (entering judgment), *aff'd,* 897 F.3d 926 (8th Cir. 2018) (affirming judgment). Among other factors the Third Circuit considers in deciding whether a person qualifies as an employer under the FLSA is the ability to "set conditions of employment, including compensation, benefits, and hours." *In re Enter. Rent-A-Car Wage & Hour Empl. Practices Litig.,* 683 F.3d 462, 469 (3d Cir. 2012).

A.     **Neither of these Defenses Apply to the USERRA Claims.**

These affirmative defenses appear to be premised upon their assertion that "Plaintiff and the APA knowingly represented through speech and conduct that they were willing to trade away paid military leave for a price—which they did." Def. Opp. to Motion for Class Cert. (ECF No. 98) at 22. But USERRA § 4302(b), supersedes any agreement that "reduces, limits, or eliminates in any manner any right or benefit provided by this chapter." 38 U.S.C. § 4302(b); *Garrett v. Cir. City Stores, Inc.,* 449 F.3d 672, 680 (5th Cir. 2006) (explaining that Congress intended § 4302(b) "to prohibit the limiting of USERRA's substantive rights by union contracts and collective bargaining agreements"). Section 4302(b) reaffirmed a long line of caselaw under USERRA's predecessors that "prevented intrusions into the substantive rights of veterans by the operation of laws, contracts, or plans to which the employee was not or could not be a party." *Id.* at 680 n.10 (citing numerous cases).

Defendants' waiver defense is similarly defective. In deciding whether written releases are effective against USERRA claims, courts have held that "the "waiver must be 'clear and unambiguous,' and it must pass muster under 38 U.S.C. § 4302." *Tolle v. PocketSonics, Inc.*, 342 F. Supp. 3d 695, 701 (W.D. Va. 2018) (citing *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1107-08 (6th Cir. 2010)). The "critical inquiry" is whether the rights or benefits the veteran received by signing the waiver were more beneficial than the rights or benefits he agreed to give up. *Id.* (finding release did not clearly exceed USERRA rights and was not clearly effective to waive those rights based on evidence that the money paid was "less beneficial than [plaintiff']s USERRA rights"); *see Wysocki*, 607 F.3d at 1110 (examining whether the rights obtained by the release were "more beneficial than the rights" given up); *see also Washington*, 2018 WL 2938310 at *2 (applying same analysis). Here, Defendants have produced no release agreements

12

or other documents purporting to show that Plaintiff or any member any of the Classes waived their rights. Even if some union sought and obtained some benefits in some collective bargaining negotiations, Defendants have produced no evidence that the benefits obtained were more valuable than the USERRA benefits sought by any of the claims asserted in this action.

**B.      Defendants Have No Evidence to Meet the Elements of an Estoppel Defense.**

The Third Circuit has held that "to succeed on a traditional estoppel defense the litigant must prove (1) a misrepresentation by another party; (2) which he reasonably relied upon; (3) to his detriment." *U.S. v. Asmar,* 827 F.2d 907, 912 (3d Cir. 1987); *see also Palan v. Inovio Pharm. Inc.*, 653 Fed. Appx. 97, 100 (3d Cir. 2016).[3] To demonstrate reliance, "the party claiming estoppel must have relied on its adversary's conduct in 'such a manner as to change his position for the worse.'" *Asmar*, 827 F.2d at 912. Defendants have not identified or produced any evidence of any misrepresentation by Plaintiff, his union, the Airline Pilots Association ("APA"), or any other Class member made to Defendants related to the claims in this action. Nor have Defendants offered any facts to suggest how Defendants changed their position for the worse in agreeing not to provide paid military leave or credit under the Plan for periods of short-term military leave.

**C.      Defendants Have No Evidence to Meet the Elements of a Waiver Defense.**

The "three requirements or elements necessary to establish an effective waiver are: [1] an existing right, [2] knowledge of the right, [and 3] an actual intention to relinquish the right." *Sun*

---

[3] With respect to Count II, in Texas "the doctrine of equitable estoppel requires: (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515-16 (Tex. 1998). If Defendant cannot satisfy the elements of estoppel with respect to Plaintiff's USERRA claims, it also cannot do with respect to Plaintiff's contract claims in Count II as the standard in Texas presents a higher burden than the standard set forth in *Asmar*.

*Microsystems, Inc. v. Versata Enters., Inc.,* 630 F. Supp. 2d 395, 409 (D. Del. 2009).[4]

Defendants have produced no evidence that meets any of these elements.

## VIII.  Defendants' Eleventh Defense Does Not Bar Claims Challenging Interpretation of the Plan

Defendants' Eleventh Affirmative Defense alleges that Plaintiff's claims against AAG are barred by the terms of the Plan because the Plan Committee (which is a Committee consisting of members of the AAG Board) has discretion and authority to interpret and administer the Plan. Answer at 46. This is not a defense, but an argument for a particular standard of review. It appears to be aimed at Count II and premised upon the assumption that when a plan affords some discretion to the administrator to interpret the Plan, this provision prevents any claim involving benefits under the Plan. *See id.*

Even for plans that are afforded a high level of discretion, such as ERISA plans that are subject to abuse of discretion review, "[d]eferential review is not no review, and deference need not be abject." *Kuntz v. Aetna Inc.*, No. 10-CV-00877, 2013 WL 2147945, at \*4 (E.D. Pa. May 17, 2013) (quoting *Moskalski v. Bayer Corp.,* No. 6–cv–568, 2008 WL 2096892, at \*4 (W.D. Pa. May 16, 2008) (quoting *McDonald v. Western–Southern Life Ins. Co.,* 347 F.3d 161, 172 (6th Cir. 2003)). Even under such a high level of deference, the claims are not barred and the court is not a "rubber stamp" for an administrator. *Van Arsdel v. Liberty Life Assurance Co. of Bos.,* 267 F. Supp. 3d 538, 546 (E.D. Pa. 2017). But more importantly, plans such as the Profit Sharing Plan, are governed by "ordinary contract principles*." Goldstein v. Johnson & Johnson*, 251 F.3d

---

[4] Similarly, under Texas law, "[t]he elements of waiver include (1) an existing right, benefit, or advantage held by a party; (2) the party's actual or constructive knowledge of its existence; and (3) the party's actual intent to relinquish the right or intentional conduct inconsistent with the right." *Perry Homes v. Cull*, 258 S.W.3d 580, 602-03 (Tex. 2008). To the extent that Texas law applies to this defense, Defendants' waiver defense also fails as to Plaintiff's breach of contract claims under Count II.

433, 443 (3d Cir. 2001). When such a plan provides that one party is granted discretion under the terms of the contract, that discretion must be exercised in good faith—a requirement that includes the duty to exercise the discretion reasonably. *Id.* at 444. A provision conferring discretion does not bar claims for breach of contract, but rather requires the court, after considering "the testimony of the parties and examining the documentary evidence" to determine whether AAG's interpretation of the terms of its Plan was reasonable, "somehow violated the terms of the Plan" or evinced a "lack of good faith." *Id.* at 445, 446. Thus, Defendants' Eleventh Affirmative Defense does not provide AAG with immunity from or bar claims challenging its interpretation and administration of the Plan merely because the Committee has discretion to interpret the terms of the Plan.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that his motion be granted, and that summary judgment be entered in his favor as to Defendants' Affirmative Defenses.

Dated: July 17, 2020                                     Respectfully submitted,

/s/ Adam H. Garner
Adam Harrison Garner (Bar I.D. 320476)
THE GARNER FIRM LTD.
1515 Market St. Suite 1200
Philadelphia PA 19102
Telephone: (215) 645-5955
Facsimile: (215) 645-5960
Email: adam@garnerltd.com

R. Joseph Barton (*pro hac vice*)
Colin M. Downes (*pro hac vice*)
BLOCK & LEVITON LLP
1735 20th Street, NW
Washington D.C. 20009
Telephone: (202) 734-7046
Fax: (617) 507-6020
jbarton@blockesq.com
colin@blockesq.com

Peter Romer-Friedman (*pro hac vice*)
GUPTA WESSLER PLLC
1900 L Street NW, Suite 312
Washington, D.C. 20036
Telephone: (202) 888-1741
Email: peter@guptawessler.com

Matthew Z. Crotty (*pro hac vice*)
CROTTY & SON LAW FIRM, PLLC
905 W. Riverside Ave.
Suite 404
Spokane, WA 99201
Tel: (509) 850-7011
matt@crottyandson.com

Thomas G. Jarrard (*pro hac vice*)
LAW OFFICE OF THOMAS G. JARRARD
LLC
1020 N. Washington St.
Spokane, WA 99201
Tel: (425) 239-7290
Fax: (509) 326-2932
Tjarrard@att.net

Michael J. Scimone (*pro hac vice*)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone (212) 245-1000
Email: mscimone@outtengolden.com

*Attorneys for Plaintiff*