**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES P. SCANLAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-vs.-<br><br>AMERICAN AIRLINES GROUP INC., and AMERICAN AIRLINES, INC.,<br><br>Defendants. | Civil Action No. 2:18-cv-04040-HB |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff submits the decision attached here as **Exhibit A**, *Huntsman v. Sw. Airlines Co.,* No. 19-CV-00083-PJH, 2021 WL 391300 (N.D. Cal. Feb. 3, 2021), as supplemental authority in support of Plaintiff's Motion for Class Certification (ECF No. 82).[1]

Like this case, *Huntsman* includes class claims under 38 U.S.C. § 4316 for an airline's failure to pay employees who take short-term military leave, despite paying employees who take other, comparable forms of leave. *Huntsman*, 2021 WL 391300 at *1. And, like Defendants here, Southwest Airlines argued in *Huntsman* that differences in the scheduling systems and in the benefits provided under different collective bargaining agreements would defeat commonality for any proposed class spanning multiple work groups. *Compare* ECF No. 98 at 22-24 *with* Huntsman at *5-7. The *Huntsman* court rejected this argument and held the plaintiff's claims raised two common questions also raised in this case: "whether paid leave is a 'right and benefit'

[1] This decision was not available on June 25, 2020, when final briefing on Plaintiff's Motion for Class Certification closed. ECF No. 101; *see Atkins v. Capri Training Ctr., Inc.*, No. 13-6820, 2014 WL 4930906, at *10 (D.N.J. Oct. 1, 2014) (if "pertinent and significant authorities come to a party's attention after the party's brief has been filed, the party may advise the court of the relevant authority through a Notice of Supplemental Authority.")

that must be provided equally under USERRA § 4316(b)" and "whether short-term military leave is comparable to" other forms of leave for which the defendant provides pay. *Id*. at *4, *8; *compare* ECF No. 82-1 at 7.

On March 10, 2021, the Ninth Circuit Court of Appeals denied Southwest Airline's Petition for Permission to Appeal this decision under Fed. R. Civ. P. 23(f). *See* **Exhibit B**.

Plaintiff submits that the analysis of the district court in *Huntsman* should guide this Court's consideration of the issue of whether a class spanning multiple work groups may be certified in this case.

Dated: March 24, 2021.

Respectfully submitted,

R. Joseph Barton (admitted *pro hac vice)*
Colin M. Downes (admitted *pro hac vice*)
BLOCK & LEVITON LLP
1735 20th Street, NW
Washington D.C. 20009
Telephone: (202) 734-7046
Fax: (617) 507-6020
Email: jbarton@blockesq.com
Email: colin@blockesq.com

Peter Romer-Friedman
(admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
601 Massachusetts Avenue, NW
Second Floor West
Washington, DC 20001
Telephone (202) 847-4400
Email:prf@outtengolden.com

Matthew Z. Crotty (admitted *pro hac vice*)
CROTTY & SON LAW FIRM, PLLC
905 W. Riverside Ave.
Suite 404
Spokane, WA 99201
Tel: (509) 850-7011
Email:matt@crottyandson.com

Thomas G. Jarrard (admitted *pro hac vice*)
LAW OFFICE OF
THOMAS G. JARRARD, PLLC
1020 N. Washington Street
Spokane, WA 99201
Tel: (425) 239-7290
Fax: (509) 326-2932
Email: Tjarrard@att.net

Adam Garner
THE GARNER FIRM LTD.
1515 Market St. Suite 1200
Philadelphia PA 19102
Telephone: (215) 645-5955
Facsimile: (215) 645-5960
Email: adam@garnerltd.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Colin M. Downes, hereby certify that on March 24, 2021, I electronically filed the foregoing Plaintiff's Notice of Supplemental Authority using the CM/ECF system, which sent notification of such filing to all counsel of record in this case.

Colin M. Downes