IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES P. SCANLAN on his own          :          CIVIL ACTION
behalf and all others similarly  :
situated, et al.                     :
                                     :
              v.                     :
                                     :
AMERICAN AIRLINES GROUP, INC.,   :          NO. 18-4040
et al.

MEMORANDUM

Bartle, J.                                          April 6, 2022

        Plaintiff James P. Scanlan, a commercial airline pilot

and a retired Major General in the United States Air Force

Reserve, brought a class action against defendants American

Airlines Group, Inc. ("AAG") and American Airlines, Inc.

("American") pursuant to the Uniformed Services Employment and

Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301 et seq.,

and for breach of contract.  Carla Riner, a commercial airline

pilot and a Brigadier General in the Delaware Air National

Guard, later joined Scanlan as a class representative.

Plaintiffs assert that they and the class of American pilots

they represent have not received the compensation or benefits

due to them under the statute and by contract and thus seek

declaratory, injunctive, and monetary relief.

        On October 8, 2021, this court granted class

certification pursuant to Rule 23 of the Federal Rules of Civil

Procedure.  This court found that a class of current and former American pilots met the requirements for certification under Rule 23(a) and (b)(2), and granted certification for three subclasses, one for each count of the second amended complaint.

Before the court is the motion of defendants to alter or amend the class definition to exclude from the certified class those pilots who have retired from the military or American.

I

As more fully explained in the court's October 8, 2021 memorandum granting class certification, this case arises from the fact that American, AAG's wholly owned subsidiary, does not compensate its pilots for leave taken to fulfill their military commitments no matter how long or short that leave is.  American does, however, pay employees who take leave for jury duty or bereavement.  Those employees who take leave for jury duty either receive their full regular pay or the difference between their regular compensation and their pay as jurors.  The collective bargaining agreement ("CBA") between American and the Allied Pilots Association is silent as to bereavement leave, but American's policy is to provide up to three days of paid bereavement leave in the event of a death of an immediate family member.

Meanwhile, American's parent company, AAG, adopted and implemented the American Airlines Group, Inc. Global Profit Sharing Plan ("the Plan") effective January 1, 2016 to share a portion of its profits with employees of American and AAG's other subsidiary airlines who are participants in the Plan.  AAG calculates each participant's individual award by dividing five percent of AAG's pre-tax earnings by the aggregate amount of all participants' earnings and multiplying this resulting value by an individual participant's "eligible earnings."  Earnings from paid leave are credited to the Plan participants for purposes of this allocation.

AAG does not credit short-term military leave[1] toward a participant's eligible earnings under the Plan when employees are not paid for such leave.  However, it does credit the leave and impute income under the Plan for employees when they take leave for jury duty or bereavement.  As a result, plaintiffs and other similarly situated employees who have taken military leave received lower profit-sharing awards than they would have received if credit had been given for such leave.  This

_____

1.   For purposes of this action, "short-term military leave" is defined as consecutive leave that is sixteen days or fewer as explained by defendants' corporate representative, Todd Jewett, who testified that after sixteen days an employee is removed from the payroll and reinstated when back from leave. Plaintiffs agree that military leave that is longer than sixteen consecutive days is not short-term, and the employee would not be paid for any of this leave.

situation will continue if and when profits are distributed among Plan participants in the future.

II

Plaintiffs bring their claims, in part, under USERRA, which is one of a series of laws that Congress enacted to protect the rights of military service members who take leaves of absence from their employers to perform military service. Travers v. Fed. Express Corp., 8 F.4th 198 (3d Cir. 2021). USERRA seeks to treat those employees in non-career military service equally to employees not engaged in military service.

Plaintiffs allege in Count I of the second amended complaint that AAG's policy of not crediting short-term military leave to participants' eligible earnings for purposes of its Global Profit Sharing Plan but doing so for jury duty and bereavement leave violates USERRA, specifically § 4316(b)(1).[2] Plaintiffs also allege a violation of this provision in Count III based on American's failure to pay its employees for short-term military leave while paying its employees for leave taken for jury duty or bereavement.  Plaintiffs also bring a

---

2.   38 U.S.C. § 4316(b)(1) provides, in part, that "a person who is absent from a position of employment by reason of service in the uniformed services shall be . . . (A) deemed to be on furlough or leave of absence while performing such service; and (B) entitled to such rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay."

claim against AAG in Count II for breach of contract under state law based on the language of the AAG Global Profit Sharing Plan. Plaintiffs allege that AAG is violating the terms of the Plan by not including credit or imputed income for American pilots' short-term military service.

On October 8, 2021, this court granted class certification for current and former American pilots with a subclass for each count of the second amended complaint. First, this court certified a subclass with regard to Count I that consists of current and former American Airlines, Inc. pilots who:  participated at some point in the AAG Global Profit Sharing Plan since its inception on January 1, 2016; were employed in the United States or were a citizen or national or permanent resident of the United States and employed in a foreign country while participants in the Plan; took short-term military leave in a year during which they were entitled to receive an award under the Plan; and were not credited or imputed earnings for this short-term military leave.

Second, this court certified a subclass for Count II of the second amended complaint for those American pilots included in the subclass of Count I who, from January 1, 2016 through the date of judgment in this action, are or were eligible to participate in the American Airlines, Inc. 401(k) Plan for pilots and subject to taxation in the United States.

Third, a subclass was certified with regard to Count III of all current and former American Airlines, Inc. pilots who took short-term military leave while employed at American at any time from January 1, 2013 through the date of judgment in this action and were not paid for that leave equal to what they would have received had they taken leave for jury duty or bereavement.[3]

### III

As stated in greater detail in the October 8, 2021 memorandum, the class of current and former American pilots was certified under Rule 23(b)(2).  Rule 23(b)(2), often called the "injunctive relief" class, provides for certification when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) applies to actions in which "the relief sought must perforce affect the entire class at once."  Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 361-62 (2011).

Since this court granted class certification pursuant to Rule 23(b)(2), defendants have learned that Scanlan has

---

3.   This court excluded from the certified class any American pilots responsible for administering the AAG Global Profit Sharing Plan and former or current American pilots who have obtained individual judgments against or settlements with AAG or American in USERRA profit sharing actions for failure to credit or compensate short-term military leave.

retired from the military and will therefore not be taking any short-term military leave while a pilot at American in the future.[4]  He will thus not benefit from any prospective relief in the form of an injunction or declaration.

Defendants do not contest that under current precedent in this Circuit Scanlan can remain as a class representative even without a live claim for prospective relief.  See Gayle v. Warden Monmouth Cty. Corr. Inst., 838 F.3d 297, 305 n.10 (3d Cir. 2016).  In addition, Carla Riner, a current member of the military and pilot at American, has recently been added as a class representative.  As an active pilot in both the military and at American, Riner does have a live claim for prospective injunctive and declaratory relief.

Defendants now seek to amend the class certification to exclude those pilots, like Scanlan, who have retired from the military or American.  For the first time defendants belatedly raise the issue of those retired class members who will not benefit from either injunctive or declaratory relief because they will not take any military leave in the future and

_____

4.    Scanlan retired from the military effective October 1, 2020 which was after the motion for class certification was filed on March 3, 2020.  Plaintiffs, however, failed to disclose to this court or defendants at the time of oral argument on the motion for class certification that Scanlan had retired from the military.

7

therefore should not be a part of an injunctive class under
Rule 23(b)(2).

Rule 23(c)(1)(C) provides that "[a]n order that grants
or denies class certification may be altered or amended before
final judgment."  Fed. R. Civ. P. 23(c)(1)(C).  Our Court of
Appeals has explained that "[d]istrict courts should treat
renewed motions for class certification as they would initial
motions under Rule 23."  Hargrove v. Sleepy's LLC, 974 F.3d 467,
470 (3d Cir. 2020).  Motions to amend class certification should
not be treated like motions for reconsideration and subject to a
heightened standard.  Id.

In response to the motion of defendants to amend the
class certification, plaintiffs counter, in part, that a
subclass of retired pilots who no longer work for American or
who are no longer in the military should instead be certified
under Rule 23(b)(3).  Defendants do not object.

Before a class can be certified under Rule 23(b), it
first must meet the requirements set forth in Rule 23(a).
Rule 23(a) provides that:

> (a)  Prerequisites.  One or more members of
>      a class may sue or be sued as
>      representative parties on behalf of all
>      members only if:
>
> > (1)  the class is so numerous that
> >      joinder of all members is
> >      impracticable;

8

>           (2)    there are questions of law or
>                  fact common to the class;
>
>           (3)    the claims or defenses of the
>                  representative parties are
>                  typical of the claims or
>                  defenses of the class; and
>
>           (4)    the representative parties
>                  will fairly and adequately
>                  protect the interests of the
>                  class.

Fed. R. Civ. P. 23(a).  The elements of this four-part test are

commonly referred to as numerosity, commonality, typicality, and

adequacy of representation.  See Amchem Prods., Inc. v. Windsor,

521 U.S. 591, 613 (1997).

This court in its prior memorandum granting class

certification conducted an extensive analysis of these four

elements and found that a class of both current and former

American pilots is proper under Rule 23(a) as well.  There is

nothing before the court to suggest that amending the previous

class definition to include a subclass of solely retired pilots

under Rule 23(b)(3) would not also meet the elements of

Rule 23(a).  The analysis for a subclass of retired pilots is

unchanged from that for a class of current and former pilots

except the question of numerosity.  To that point, defendants'

corporate representative, Todd Jewett, certifies that American's

records show that there are approximately fifty-seven pilots who

took military leave of sixteen days or fewer during the proposed

class times and are no longer employed at American.  There may

also be additional class members, like Scanlan, who have retired

from the military but continue to work at American.  These

numbers are sufficient to establish numerosity under

Rule 23(a)(1).

The remainder of the Rule 23(a) analysis is unchanged

since this court's October 8, 2021 memorandum.

The court now turns to whether a subclass of retired

pilots meets the requirements of Rule 23(b)(3).  This provision

is often referred to as the "money damages class" and allows for

certification when "the court finds that the questions of law or

fact common to class members predominate over any questions

affecting only individual members, and that a class action is

superior to other available methods of fairly and efficiently

adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  When

making such findings, courts should consider:  "(A) the class

members' interests in individually controlling the prosecution

or defense of separate actions"; "(B) the extent and nature of

any litigation concerning the controversy already begun by or

against class members"; "(C) the desirability or undesirability

of concentrating the litigation of the claims in the particular

forum"; and "(D) the likely difficulties in managing a class

action."  Id.

Rule 23(b)(3) "allows class certification in a much wider set of circumstances but with greater procedural protections," that is notice to the potential class members and an opportunity for potential members to opt-out from the class. Wal-Mart, 564 U.S. at 362. The Supreme Court has explained that "the (b)(3) class is not mandatory; class members are entitled to receive 'the best notice that is practicable under the circumstances' and to withdraw from the class at their option." Id. (quoting Fed. R. Civ. P. 23(c)(2)(B)). In addition, because this type of class involves individualized claims for money, "(b)(3) requires the judge to make findings about predominance and superiority before allowing the class." Id. at 362-63.

A Rule 23(b)(2) class has a "superior res judicata effect" and is not subject to the same procedural hurdles of a (b)(3) class, so a court should first consider whether certification of a class is proper pursuant to (b)(2) before turning to certification under (b)(3). Stoetzner v. U.S. Steel Corp., 897 F.2d 115, 119 (3d Cir. 1990). As this court certified the class pursuant to Rule 23(b)(2), we have not yet decided the question of whether certification is also appropriate under Rule 23(b)(3). A court may certify the equitable portion of a class under (b)(2) and the damages portion under (b)(3). See Wilson v. Cty. of Gloucester, 256

11

F.R.D. 479, 490-91 (D.N.J. 2009) (citing <u>Bolin v. Sears Roebuck</u> <u>& Co.</u>, 231 F.3d 970, 976 (5th Cir. 2000)).

In this action, the injunctive and declaratory relief that plaintiffs seek is prospective in nature and therefore will not benefit those class members, like Scanlan, who have retired from either American or the military and will therefore no longer take short-term military leave with American.  However, should plaintiffs succeed in this action, those retired pilots could still be entitled to monetary relief for the short-term military leave taken during the class period prior to their retirement.  The court turns to the requirements under Rule 23(b)(3).

For Scanlan and other retired pilots, the common question of law is whether American and AAG violated USERRA by failing to compensate and credit these pilots for taking short-term military leave but compensating and crediting time taken for jury duty or bereavement leave.  This question predominates over any individual questions pertaining to the class.  While the exact amount each retired pilot would be entitled to receive is individualized, it can readily be determined by a formula computing the amount of short-term military leave each retired pilot took during the class period. There are no other individualized issues before the court that will predominate over this common question.

Moreover, a subclass of retired pilots in this action would be superior to individual claims for monetary damages. Plaintiffs seek to have short-term military leave compensated and credited the same as other forms of short-term leave.  There is nothing to indicate that individual prosecution of these claims would be more beneficial to retired pilots.  In addition, litigation on this issue is already ongoing.  A class of American pilots, including former pilots, has already been certified, discovery has commenced, and subpoenas for military records from the Department of Defense have already been issued.

It is therefore beneficial to retired pilots to continue to be included in this class.  It is also more economical and efficient to both active and retired pilots, as well as the court, to certify this subclass as part of the present litigation.  Finally, there are no significant practical difficulties in including the retired pilots in a subclass certified under (b)(3).  The current pilots can proceed in this action under (b)(2) and the retired pilots under (b)(3).  See Wilson, 256 F.R.D. at 490-91.

A subclass of retired pilots therefore meets the predominance and superiority requirements of Rule 23(b)(3).

IV

The court thus amends its prior certification of a class of current and former American pilots to carve out a

13

subclass under Rule 23(b)(3) on each count.  These subclasses will consist of American pilots who have retired from either the military or American and therefore only seek monetary relief as they will not benefit from prospective injunctive or declaratory relief.  For those current American pilots still active in both the military and at American their certification pursuant to Rule 23(b)(2) remains unchanged.

Common questions of law or fact predominate for a subclass of retired pilots.  In addition, class adjudication is superior to alternative methods.  Certification of a subclass of retired pilots under Rule 23(b)(3) is therefore the best method of proceeding as a class.

The court will grant the motion of defendants to amend the class definition.  The class of American pilots will be subdivided as follows.

First, this court certifies a subclass under Rule 23(b)(2) with regard to Count I for AAG's alleged violation of § 4316 as relates to the AAG Global Profit Sharing Plan. This subclass will consist of current American Airlines, Inc. pilots who presently serve in the military and who:  participate at some point in the AAG Global Profit Sharing Plan since its inception on January 1, 2016 through the date of judgment in this action; are employed in the United States or are a citizen or national or permanent resident of the United States and

14

employed in a foreign country while participants in the Plan;

took or take short-term military leave in a year during which

they were entitled to receive an award under the Plan; and were

not credited or imputed earnings for this short-term military

leave.

Second, this court certifies a subclass under

Rule 23(b)(3) with regard to Count I that will consist of former

pilots of American Airlines, Inc. or pilots of American who are

former members of the military who:  participated at some point

in the AAG Global Profit Sharing Plan since its inception on

January 1, 2016 through the date of judgment in this action;

were employed in the United States or were a citizen or national

or permanent resident of the United States and employed in a

foreign country while participants in the Plan; took short-term

military leave in a year during which they were entitled to

receive an award under the Plan; and were not credited or

imputed earnings for this short-term military leave.

Third, this court certifies a subclass under

Rule 23(b)(2) with regard to Count II for AAG's alleged breach

of contract of those current American Airlines, Inc. pilots who

presently serve in the military and who:  participate at some

point from January 1, 2016 through the date of judgment in this

action in the AAG Global Profit Sharing Plan as well as the

American Airlines, Inc. 401(k) Plan for Pilots and are subject

to taxation in the United States; are employed in the United
States or are a citizen or national or permanent resident of the
United States and employed in a foreign country while
participants in the AAG Global Profit Sharing Plan; took or take
short-term military leave in a year during which they were
entitled to receive an award under the AAG Global Profit Sharing
Plan; and were not credited or imputed earnings for this short-
term military leave.

Fourth, this court certifies a subclass under Rule
23(b)(3) with regard to Count II of those former American
Airlines, Inc. pilots or American pilots formerly in the
military who:  participated at some point from January 1, 2016
through the date of judgment in this action in the AAG Global
Profit Sharing Plan as well as the American Airlines, Inc.
401(k) Plan for Pilots and are subject to taxation in the United
States; were employed in the United States or were a citizen or
national or permanent resident of the United States and employed
in a foreign country while participants in the AAG Global Profit
Sharing Plan; took short-term military leave in a year during
which they were entitled to receive an award under the AAG
Global Profit Sharing Plan; and were not credited or imputed
earnings for this short-term military leave.

Fifth, the court certifies a subclass under
Rule 23(b)(2) with regard to Count III against American for its

16

alleged violation of § 4316 consisting of all current American

Airlines, Inc. pilots who presently serve in the military and

took or take short-term military leave while employed at

American at any time from January 1, 2013 through the date of

judgment in this action and were not paid for that leave equal

to what they would have received had they taken leave for jury

duty or bereavement.

Sixth, the court certifies a subclass under

Rule 23(b)(3) with regard to Count III of all former American

Airlines, Inc. pilots or American pilots formerly in the

military who took short-term military leave while employed at

American at any time from January 1, 2013 through the date of

judgment in this action and were not paid for that leave equal

to what they would have received had they taken leave for jury

duty or bereavement.[5]

---

5.    Excluded from the certified class are any American pilots
responsible for administering the AAG Global Profit Sharing Plan
and former or current American pilots who have obtained
individual judgments against or settlements with AAG or American
in USERRA profit sharing actions for failure to credit or
compensate short-term military leave.