# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JAMES P. SCANLAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-vs.-<br><br>AMERICAN AIRLINES GROUP INC., and AMERICAN AIRLINES, INC.,<br><br>Defendants. | Civil Action No. 2:18-cv-04040-HB |

## DEFENDANTS AMERICAN AIRLINES, INC.'S AND AMERICAN AIRLINES GROUP INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR APPROVAL OF PROPOSED NOTICE TO FORMER CLASS MEMBERS REGARDING DECERTIFICATION

Jason Zarrow (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
jzarrow@omm.com

M. Tristan Morales (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye St. NW, Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
tmorales@omm.com

Mark W. Robertson (*admitted pro hac vice*)
Anton Metlitsky (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone:  (212) 326-2000
Facsimile:  (212) 326-2061
mrobertson@omm.com
ametlitsky@omm.com

Kenneth A. Murphy (PA 58162)
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA 19103-7300
Telephone: (215) 656-3300
ken.murphy@us.dlapiper.com

*Attorneys for Defendants American Airlines Group Inc. and American Airlines, Inc.*

**ARGUMENT**

Rule 23(d)(1)(B) allows the Court to require Plaintiffs to give "appropriate notice" to class members in order to "protect" them and "fairly conduct the action."  Plaintiffs have asked for permission under this Rule to issue a notice to former members of the decertified classes.  *See* Dkt. 261-1 ("Motion" or "Mot."); *see also* Dkt. 248 (decertifying classes).  Plaintiffs seek to tell former class members that the class has been decertified and "time-based defenses" have begun to run again.  Mot. at 5.

Defendants do not oppose Plaintiffs issuing a notice of decertification at Plaintiffs' expense.  *See* 3 Newberg and Rubenstein on Class Actions § 7:40 (6th ed.) ("Generally, the class bears the costs of decertification notice.").  But Defendants do oppose Plaintiffs' inclusion of a chart that encourages non-parties to file new copycat lawsuits.  *See* Dkt. 261-3.  The notice should focus only on the impact of decertification of the current litigation, not suggest non-parties file new lawsuits.  Plaintiffs' proposed chart looks like this, *see* Dkt. 261-3:

| If you are a current or former American pilot AND also a current or former servicemember who took short-term military leave, you have options: | **OPTION #1: Pursue your claims individually against American & AAG** | If you wish to preserve your rights, you can pursue your own USERRA claims against American & AAG. |
|---|---|---|
| | **OPTION #2: Do nothing** | If you do nothing, you risk that your potential claims against American & AAG will be time-barred, preventing any recovery |

Rule 23 notice is "for the protection of the members of the class" not "a device for the undesirable solicitation of claims."  Fed. R. Civ. P. 23 advisory committee's note to 1966 amendment.  "Numerous courts have recognized the danger of providing putative class members with court-ordered notice of the opportunity to sue."  *Marian Bank v. Elec. Payment Servs., Inc.*,

1999 WL 151872, at *2 (D. Del. Mar. 12, 1999).  As such, courts have been careful not to permit notices that would merely assist plaintiff's counsel in "identify[ing] new clients" or create "leverage to force the defendant to settle."  *See, e.g.*, *Balschmiter v. TD Auto Fin. LLC*, 2015 WL 2451853, at *7 (E.D. Wis. May 21, 2015); *see also St. v. Diamond Offshore Drilling*, 2001 WL 883216, at *1 (E.D. La. July 30, 2001) (citing *Maddox & Starbuck, Ltd. v. British Airways*, 97 F.R.D. 395 (S.D.N.Y. 1983)).

Here, Plaintiffs' proposed chart "might be perceived by some potential plaintiffs as a tacit suggestion of the Court that a lawsuit should be filed under the circumstances of the present case."  *Diamond Offshore Drilling*, 2001 WL 883216, at *1 (internal citations omitted).  And because the proposed decertification notice includes Plaintiffs' counsel's information, *see* Dkt. 261-3 at 2, the implication is former class members should contact Plaintiffs' counsel to pursue that future lawsuit.  *See Wotus v. GenCorp, Inc.*, 2004 WL 7333100, at *3 (N.D. Ohio May 17, 2004) (warning "court-ordered notice of the denial of class certification could be regarded as a solicitation of claims"); *see also Marian Bank*, 1999 WL 151872, at *2 (similar).

Plaintiffs argue their proposed chart is necessary to inform former class members that Defendants may assert time-based defenses, the time to file a lawsuit is no longer tolled, and what "former class members would need to do to protect their rights."  Mot. at 7.  But the proposed notice already says all of that more than once without the chart.  The stated "purpose" of the notice is to inform class members of "the effect of decertification on any claim that you may have."  Dkt. 261-3 at 1.  The notice then explains that while "time deadlines for class members to bring claims [was] tolled … [n]ow that the Court has decertified the class, you are not a part of a Class Action and any time deadlines for you to bring these claims in a separate lawsuit is no longer paused."  *See id.* at 1.  It later repeats this again:  "As a result of

decertification, you are no longer a class member in this litigation and Defendants may argue that certain time-based defenses (e.g. laches) bars any potential claims that you have if you wait to file claims in a separate lawsuit." *Id.* at 2. There is no need to repeat it yet again in the form of a chart that is more likely to be perceived as a suggestion that former class members should promptly file new lawsuits or lose their right to do so.

Plaintiffs rely on several decertification notices they claim include similar language. *See* Mot. at 6-7. But none of the decisions cited by Plaintiff provide any explanation for why they approved similar language. *See Dongelewicz v. First E. Bank*, 80 F. Supp. 2d 339, 350 (M.D. Pa. 1999); *see also Leong v. Laundry Depot, LLC*, 2025 WL 3014373, at *5 (E.D.N.Y. Oct. 28, 2025); *Jianmin Jin v. Shanghai Original, Inc.*, 2019 WL 11816612, at *4 (E.D.N.Y. July 10, 2019). And the decertification notice in *Dongelewicz*—the only one of these three cases cited by Plaintiffs approved by a district court within the Third Circuit—did not contain a similar chart. *Compare Dongelewicz*, 80 F. Supp. 2d at 352 *with* Dkt. 261-3. It merely told the former class members they could file a claim if they chose, and the defendant's time-based defenses were no longer paused. The notice here says the same without Plaintiffs' proposed chart. *See* Dkt. 261-3 at 2.

Plaintiffs also rely on several Rule 23(b)(3) class certification and settlement notices that included charts listing absent class member's options to opt-out of the litigation or file objections to a class settlement. *See* Mot. at 7-8; *see, e.g.*, *In re LG/Zenith Rear Projection Television Class Action Litig.*, 2009 WL 455513, at *3 (D.N.J. Feb. 18, 2009) (notice of class settlement); Dkt. 164, 164-1 & 167. But those notices serve a different purpose. Rule 23(b)(3) certifications and class settlements require class members to promptly choose to opt-out, object, or allow themselves to be bound by a currently proceeding litigation. *See* Manual Complex Lit. § 21.31

3

(4th ed.).  Because class members in those situations are required to make a prompt choice that impacts their rights in an active, ongoing lawsuit, it makes sense that notices under those circumstances include a chart.  The purpose of a decertification notice, on the other hand, is purely informative: it is so "class members … can be alerted that the statute of limitations has begun to run again on their individual claims." *Birmingham Steel Corp. v. Tennessee Valley Auth.*, 353 F.3d 1331, 1339 (11th Cir. 2003) (citing *Culver v. City of Milwaukee*, 277 F.3d 908, 914 (7th Cir. 2002)).  There is no need to provide former class members with a chart that suggests they must immediately make a choice as to future litigation when they are not being asked by the Court to make a decision that will imminently affect their rights in the pending litigation that the notice is about.

## CONCLUSION

For these reasons, Defendants' proposed notice of decertification without the chart should be adopted.  *See* Dkt. 261-4.

Dated: December 23, 2025                          Respectfully submitted,

                                                  By: */s/* Mark W. Robertson

Jason Zarrow (*admitted pro hac vice*)            Mark W. Robertson (*admitted pro hac vice*)
O'MELVENY & MYERS LLP                             Anton Metlitsky (*admitted pro hac vice*)
400 South Hope Street, 18th Floor                 O'MELVENY & MYERS LLP
Los Angeles, CA 90071                             1301 Avenue of the Americas
Telephone: (213) 430-6000                         New York, NY 10019
Facsimile: (213) 430-6407                         Telephone:  (212) 326-2000
jzarrow@omm.com                                   Facsimile:  (212) 326-2061
                                                  mrobertson@omm.com
M. Tristan Morales (*admitted pro hac vice*)      ametlitsky@omm.com
O'MELVENY & MYERS LLP
1625 Eye St. NW, Washington, DC 20006             Kenneth A. Murphy (PA 58162)
Telephone: (202) 383-5300                         One Liberty Place
Facsimile: (202) 383-5414                         1650 Market Street, Suite 5000
tmorales@omm.com                                  Philadelphia, PA 19103-7300
                                                  Telephone: (215) 656-3300
                                                  ken.murphy@us.dlapiper.com

4

*Attorneys for Defendants American Airlines*
*Group Inc. and American Airlines, Inc.*